**UNITED STATES of America,**
**Appellant,**

v.

**HARRISON COUNTY, MISSISSIPPI,**
**et al., Appellees.**

**No. 24853.**

United States Court of Appeals
Fifth Circuit.

Aug. 7, 1969.

Robert E. Hauberg, U. S. Atty., Jackson, Miss., Joseph M. F. Ryan, Jr., Edwin L. Weisl, Jr., Asst. Attys. Gen., Alec P. Bouxsein, Edmund B. Clark, St. John Barrett, Irvin N. Tranen, Edward Lazowska, Roger P. Marquis, Attys., Dept. of Justice, Washington, D. C., for appellant.

Joe T. Patterson, Atty. Gen., Dugas Shands, Asst. Atty. Gen., John A. Welsch, Jr., Jackson, Miss., James S. Eaton, Charles R. Galloway, George E. Morse, Owen T. Palmer, Jr., Gaston H. Hewes, George R. Smith, Sr., Boyce Holleman, George Estes, Jr., Knox White, Gulfport, Miss., Garner W. Green, Jackson, Miss., Arnaud Lopez, Jacob D. Guice, Edward G. Tremmel, Biloxi, Miss., for appellees.

ON PETITION FOR REHEARING
AND PETITION FOR RE-
HEARING EN BANC

Before GEWIN and COLEMAN, Circuit Judges, and HUGHES, District Judge.

PER CURIAM:

Our original opinion in this case, dated August 15, 1968, is reported, 399 F. 2d 485.

We there held, 399 F.2d at 490, "the obligation of Harrison County as assumed in its contract with the United States is inescapable and must be enforced".

We further held that the littoral rights of those landowners whose lands

---

**7.**  Gaynor v. United States, 101 U.S.App. D.C. 177, 247 F.2d 583 (1957).

**8.**  *See* United States v. Kahn, 381 F.2d 824, 837–838 (7th Cir. 1967).

adjoin and abut the sand beach in question were entitled to enjoy access to the water for swimming, bathing, boating, fishing, and other customary aquatic pursuits.

On the controlling point at issue, we held that the contract between the United States and Harrison County, Mississippi, "perpetually dedicated the beach to the use of the general public" and assuring "perpetual public use of the beach and the administration thereof" was not to be avoided by the application of the common law doctrine of acquisition by artificial accretion since such acquisition under the facts of this case is expressly prohibited by § 95 of the Mississippi Constitution of 1890. This section provides: "Lands belonging to, or under the control of the state, shall never be donated directly or indirectly to private corporations or individuals".

The parties filed Petition for Rehearing En Banc.

Thereafter, to avoid as far as possible any chance of mistake in the disposition of this litigation, affecting, as it does, vast public and private interests, we requested supplemental briefs. These briefs have been filed and fully considered. We are not convinced by anything appearing in the briefs that the original opinion and the result it reached are in error.

We, therefore, adhere to our original opinion.

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

In our opinion of August 15, 1968, we reversed the judgment of the District Court and remanded the case for further proceedings, including appropriate injunctive relief. The framing of injunctions is a function which should be and under ordinary circumstances is to be performed by the court of original jurisdiction.

Nevertheless, for clarity in observance of our original opinion, without in any way limiting the action of the District Court as to any and all appropriate relief justified by the pleadings and the proof we especially point out that the injunction when issued by the District Court should include the following:

1. A permanent mandatory injunction requiring the Board of Supervisors of Harrison County, and their successors in office, faithfully to execute the contract of January 23, 1951, according to its full tenor and purport, without exception or further dereliction. This should expressly include the regular, efficient maintenance of said sand beach, as required by the contract;

2. The landowners, who were made parties to this litigation by order of the District Court, and their successors in title, should be permanently enjoined from in anywise interfering with the free public use of the said beach, subject to any and all valid laws and police regulations of the State of Mississippi and Harrison County. In particular, said landowners, and their successors in title, should be enjoined from hereafter placing any fill, structure, or other obstruction in and upon the sand beach;

3. Declaratory judgment should be entered appropriately defining the *littoral* rights of those owning land abutting the sand beach;

4. Since this litigation originated out of the failure of Harrison County, Mississippi, acting by and through its Board of Supervisors, to observe its contract with the United States, all cost of this litigation should be taxed against Harrison County.

Petition for Rehearing En Banc
Denied.