UNITED STATES of America,
Plaintiff-Appellee,

v.

HARRISON COUNTY, MISSISSIPPI,
et al., Defendants,

Eldon L. Bolton et al., Defendants-
Appellants.

No. 31123.

United States Court of Appeals,
Fifth Circuit.

June 24, 1971.

Eldon L. Bolton, Jr., Gulfport, Miss., for Eldon L. Bolton, and others.

George E. Morse, Atty., Gulfport, Miss., Heber Ladner, Sec. of State, State of Miss., Jackson, Miss., Cooper C. Darby, Chancery Clerk, Harrison County, Miss., White & Morse, Gulfport, Miss., for defendants-appellants.

Robert E. Hauberg, U. S. Atty., Jackson, Miss., John D. Helm, Atty., Dept. of Justice, Washington, D. C., Shiro Kashiwa, Asst. Atty. Gen., Edward S. Lazowska, Edmund B. Clark, Attys., Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before COLEMAN, GOLDBERG, and DYER, Circuit Judges.

PER CURIAM:

In United States v. Harrison County, Mississippi, 5 Cir., 1968, 399 F.2d 485, rehearing denied 5 Cir., 1969, 414 F.2d 784, this Court directed that a permanent mandatory injunction be issued by the District Court enjoining and requiring the faithful execution of a contract between the Board of Supervisors of Harrison County, Mississippi and the United States dated January 23, 1951, in

connection with the construction of a sand beach.

The District Court expeditiously proceeded to execute the mandate of this Court in a commendably careful and efficient manner. A part of the pre-injunctive procedure was that all parties in interest were notified that they had ninety days within which to register their objections to the injunctive decree prepared by the Court for final entry in the case. Five parties, corporate and personal, filed objections and, for reasons assigned, sought exemption from the provisions of the proposed injunction. The District Court passed on the objections and none of the parties have appealed except the Bolton interests.

The Boltons sought exemption on the ground that the beach fronting their property at the extreme eastern end of the twenty-six mile long beach constructed under the contract of January 23, 1951, had never been under the bottom of the waters of the Mississippi Sound and was thus not within the decision of this Court.

The petition was verified by an affidavit which asserted that the sand beach in question "was never washed away and never went under water becoming bottoms of the Mississippi Sound. There was a sand beach in existence prior to, and subsequent to January 23, 1951, that was not subject to the ebb and flow of the tide. It never washed away and never went under water becoming bottoms of the Mississippi Sound".

The United States countered these allegations with documentary evidence tending to show that the beach in question had been artificially constructed on the water bottoms of the Mississippi Sound by the United States Engineers, or under their authority and direction, in 1936. This allegation, if true, would defeat the Bolton claim for the reason, as set out in our prior opinion, 399 F.2d at page 491 [citing § 95 of the Mississippi Constitution of 1890].

The District Court dismissed the Bolton petition for Exception without making findings of fact or conclusions of law as to whether or not the beach was constructed in 1936 as claimed by the Government or was a natural beach in existence on January 23, 1951, as claimed by the Boltons.

We are of the opinion that the District Court should have heard evidence and resolved these issues and granted or denied the desired Exception as the facts might have warranted.

Without in any manner affecting the remainder of the judgment and decree of the United States District Court for the Southern District of Mississippi filed on October 8, 1970, [which, in fact, has become and is now a final judgment] we vacate only that portion of the judgment which disposed of the Bolton claim and we remand that issue to the District Court for its determination consistently with what has been said in this and our prior opinions in this case.

So ordered.