**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**HARRISON COUNTY, MISSISSIPPI,
et al., Defendants,**

**Eldon L. Bolton, Jr., et al., Petitioners-
Appellants.**

**No. 71–2881.**

United States Court of Appeals,
Fifth Circuit.

July 31, 1972.

Rehearing Denied Sept. 12, 1972.

---

2. See text of the statute quoted at length, supra, at note 1.

Eldon L. Bolton, Jr., pro se.

Charles R. Galloway, W. Roderick Johnson, Gulfport, Miss., for Harrison County.

John D. Helm, Atty., Dept. of Justice, Washington, D. C., Shiro Kashiwa, Asst. Atty. Gen., Robert E. Hauberg, U. S. Atty., Jackson, Miss., Edmund B. Clark, Atty., Dept. of Justice, Washington, D. C., for United States.

Before GEWIN, COLEMAN and IN-GRAHAM, Circuit Judges.

GEWIN, Circuit Judge:

This appeal constitutes the third appearance in this court of the dispute between the United States, Harrison County, Mississippi, and the now sole remaining litigants, Dr. Eldon L. Bolton and his family, over the beach on the Mississippi Sound at Biloxi. The district court after hearing the evidence denied the Boltons' petition. We affirm.

The legend and lore which generated this litigation is extensively traced in our first opinion, United States v. Harrison County, Mississippi, 399 F.2d 485 (5th Cir. 1968). We there held that the United States was entitled to injunctive relief to enforce its contract with Harrison County to keep public the ownership and use of the sand beach constructed in 1951 from the Biloxi Lighthouse to Henderson Point. On the first remand to the district court the Boltons petitioned for an exemption to the injunction on the grounds that the beach fronting their property at the extreme eastern end of the twenty-six mile long beach had never been under the bottom of the waters of the Mississippi Sound and was thus not within the decision of this court. The district court dismissed the Bolton petition for exception without making findings of fact or conclusions of law. The Boltons appealed and we vacated that portion of the court's order dismissing their petition and remanded for an evidentiary hearing and the entry of findings and conclusions. United States v. Harrison County, Mississippi, 445 F.2d 276 (5th Cir. 1971).

On second remand the Boltons presented evidence which they argue proved that a natural sand beach existed on their property bordering the Mississippi Sound in 1935 prior to the construction of an artificial beach in 1936 by the Harrison County Road Protection Commission. The Boltons also contend their evidence showed that a portion of that beach remained in 1950 before the artificial beach was constructed in 1951. From this factual premise the Boltons argue that the 1936 improvement which extended their natural beach was an "artificial accretion" to which they were entitled under Moore v. Kuljis, 207 So.2d 604 (Miss.1967) and Treuting v. Bridge and Park Commission, 199 So.2d 627

(Miss.1967). The Boltons insist that they and not Harrison County owned the beach fronting the Bolton property and that portion of the beach could not legally have been included in the 1951 dedication to the public by the County pursuant to a contract with the United States.

██ The Boltons' petition for exception was in the nature of a motion for relief from judgment under Rule 60 F.R.Civ.P. and the burden of proof was upon them to establish that they were entitled to an exception from the court's earlier judgment. Cf. Smith v. Kincaid, 249 F.2d 243 (6th Cir. 1957); Assman v. Fleming, 159 F.2d 332 (8th Cir. 1947). See also, 7 Moore's Federal Practice ¶ 6028[3] (1971). The district court found that the Boltons had failed to meet their burden.

"There is no substantial testimony before this court to show that there were any of the Bolton's properties above mesne high tide in existence south of the south line of the seawall easement in 1935."

\* \* \* \* \* \*

"The evidence adduced by the Boltons to support their ownership of the property in question is tenuous at best, and not substantial in quality, or convincing in its import and effect. These claimants simply have not shown this court by a preponderance of the evidence that any part of the property lying south of the seawall easement at that site existed above mesne high tide when this artificial beach was pumped in and created in 1951."

We have carefully examined the photographic and other evidence in the record and are unable to find that the court was clearly erroneous in these findings.[1]

Since the Boltons failed to carry their burden of proof we need not here engage in an extensive discussion of the various Mississippi accretion cases.[2] The Boltons have not shown that any beach existed south of the seawall at the time the construction of the artificial beach began pursuant to the contract entered between Harrison County and the United States. Additionally the court found that the Boltons had not shown that they had any property existing above mean high tide south of the seawall in 1935. Accordingly the Boltons have failed to demonstrate that the portion of the artificial beach which they now claim should be excepted from the original judgment and decree of the district court.

We find no conflict between our decision in this case and the Mississippi Supreme Court in *Treuting*. The Mississippi Court there held that the state could convey lands under tidal navigable water to the Park Commission for public purposes and uses including the incidental sale of individual lots to private owners. The State of Mississippi might very well have concluded that this artificially created beach could be sold to the Boltons consistent with the state's obligation to protect the public trust in the submerged lands. But the state did not do so. Instead the State of Mississippi enacted Chapter 334 of the Laws of 1948 authorizing the Board of Supervisors of Harrison County to join with the United States in the construction of a public beach. On December 22, 1950, the Board of Supervisors of Harrison County adopted a resolution perpetually dedi-

1. There is no merit to Bolton's contention that the case was decided on a "foreign issue" because the court in its opinion used the seawall easement instead of the seawall as its reference point. In their brief the Boltons acknowledge that the seawall was built on the southernmost portion of the easement. Thus both terms describe the same reference point.

2. *See* United States v. Harrison County, Mississippi, 399 F.2d 485, 490–491 (5th Cir. 1968) for a discussion of Harrison County v. *Guice*, 244 Miss. 95, 140 So.2d 838 (1962). *Guice* appears to be the foundation for the support which the Boltons claim in Moore v. Kuljis, 207 So.2d 604, 610, 614 (Miss.1967). *See also* International Paper Co. of Moss Point v. Mississippi State Highway Dept., (Miss. July 3, 1972).

cating to the public as a public beach that sand beach to be constructed from Biloxi Lighthouse to Henderson Point. Thereafter the beach was constructed at a cost of millions of dollars to the taxpayers of Mississippi and the United States.

The Boltons have failed to prove that the beach in front of their property does not come within the ambit of the court's injunction and the judgment denying the petition for exception is affirmed.