**JUSTICE LIFE INSURANCE COMPANY, Appellant,**

v.

**Ray R. WALKER, Appellee.**

No. 17488.

Court of Civil Appeals of Texas, Fort Worth.

March 22, 1974.

Rehearing Denied April 26, 1974.

Stanley S. Crooks, Dallas, for appellant.

Law Offices of Yarborough & Pope, Inc., and Frank H. Pope, Jr., Bedford, for appellee.

## OPINION

MASSEY, Chief Justice.

Plaintiff Ray R. Walker possessed a policy of hospital and surgical expense insurance issued to him by defendant Justice Life Insurance Company. By provisions on the face of the policy contract it was in force and effect at times material to the instant case.

Plaintiff filed claim with defendant insurance company for benefits provided by its policy. The company denied liability and asserted right to avoid all contractual obligations. It tendered back to plaintiff all the premiums paid. The tender was refused. Subsequently the company filed suit in a County Court at Law in Dallas County to cancel the policy (or for judicial declaration that it was properly avoided). Service of citation upon the defendant in said suit (plaintiff Walker in the case before us on appeal) was accomplished on March 12, 1973.

On March 23, 1973, plaintiff filed suit against the defendant insurance company in a District Court of Tarrant County. Service of citation thereon upon W. M.

Thomas, defendant's President, was obtained March 29, 1973. No answer was filed. On May 7, 1973, plaintiff filed—in the same suit—his First Amended Original Petition. Plaintiff directed that service thereof be obtained by the Sheriff of Dallas County, Texas, and that official accomplished service of this new citation upon W. M. Thomas, President, on May 11, 1973.

Defendant insurance company failed to file any answer to either the original petition of the plaintiff or the amended petition last filed. It appears that no answer was ever filed, even by time of the hearing of the motion for new trial.

On June 18, 1973, plaintiff moved for judgment by default (the return on both citations, as stated in the judgment, having been on file for more than eleven days). Plaintiff proceeded, upon the hearing held that date, to prove the liability of defendant upon the policy. Such proof was unnecessary as will be observed from what is later written. Plaintiff sought at the same time to prove in addition the amount of damages, penalties and attorney's fees which would be his entitlement as a consequence of defendant's liability. There was deficiency in the proof of the damages, as will be observed from what is later written. Judgment for damages, penalties and attorney's fees was signed and entered on June 22, 1973. Defendant filed its Motion to Set Aside Default Judgment and Grant a New Trial on June 29, 1973.

A full hearing was held upon the motion for new trial. The trial court overruled the motion and the defendant appealed.

We affirm in part, and in part reverse and remand.

Chief Justice Hickman, when a member of the Commission of Appeals, re-announced in slightly altered language the previously established rules relative to the tests to be applied to motions to vacate default judgments and to grant new trials where the default judgment was taken by one party litigant upon the failure on the part of the other to timely file an answer to a complaint, as follows: " . . . A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. . . ." Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124, 126 (1939).

■ In the instant case, since we believe there to be no doubt upon the hearing of its motion that the defendant did establish the fact that it had a meritorious defense, the question is whether, under the rules pertinent to be applied in such a situation, the trial court's action in refusing to grant the new trial *was an abuse of discretion as refusing to find for the movant* that its failure to answer was (1) not intentional, and/or (2) was not the result of conscious indifference on its part.

Our holding is that under the circumstances of this case there was no abuse of discretion on the part of the trial court in refusing to make such a finding in behalf of the defendant upon the facts shown; that there was not reversible error in refusing to upset the judgment, on the showing made, either as applied to the adjudication of liability or as applied to the adjudication of the amount of damages, etc., because of the liability. (This, though we have decided that issues on damages must be tried anew.)

The attorney for the defendant insurance company accepts complete responsibility for the failure to answer. His testimony, and that is all that there is upon the matter, is that though the citation originally served was promptly delivered to him he directed his office personnel that it be filed in the papers of the suit first men-

tioned, that in the Dallas County Court to cancel the policy of insurance. Further, that he gave it no further attention; and that though the second citation was likewise promptly delivered to him for his action he made like direction as to the filing of its among those papers in his office and then forgot about it. Further, that when his client called and inquired whether he had filed answer in the case he assured the client that answer had been filed "because I felt that it had, it was our usual procedure and routine." Defendant's attorney gave the additional reason for his inattention as having been because of his heavy trial docket and the fact that he was in and out of the country and did not properly check into the matter of answer being filed.

The acts or omissions to act by the attorney, agent for the insurance company, became those of such defendant.

Not to be forgotten is the fact that the trial court was dealing with a case of pure equity, albeit the particular situation is one where we must be guided by the liberal rule announced in Craddock v. Sunshine Bus Lines, supra. But in a situation where there is not merely one citation but two served upon a defendant in a single case, both of which he fails to answer, our holding is that the court is entitled to refuse to find as a matter of fact that the failure to answer was (1) not intentional, and/or (2) was not the result of conscious indifference; and the court's refusal to so find is not an abuse of discretion.

We have found no case exactly like unto that here presented. In arriving at our conclusion and holding we have been aided by the text of 4 McDonald, Texas Civil Practice, 1971 Revised Volume, under "New Trial", Sec. 18.10.1, "(Grounds for New Trial) B. After Judgment by Default or in Defendant's Absence, Equitable Grounds. (I) General", and 18.10.2, "— (II) Requirements. (a) Reason for Failure To Answer or Attend", and the cases thereunder cited.

Having disposed of the matter of propriety in overruling defendant's Motion to Set Aside Default Judgment and Grant a New Trial, we proceed to the question of reversibility of judgment for errors attendant to its rendition.

█ In Texas, ever since Wellborn v. Carr, 1 Tex. 463, 470, the rule has been that all the allegations in a bill of pleading not traversed by the answers are to be taken as admitted. Brill v. Guaranty State Bank, 280 S.W. 537 (Tex.Com.App., 1926, opinion adopted by Supreme Court); other cases annotated under Texas Digest, "Pleading", █ "Admissions by failure to traverse or deny". See 8 A.L.R.3d 1070, Annotation: "Necessity of Taking Proof as to Liability Against Defaulting Defendant". The qualification of such a rule, existent when a defendant though having filed no answer appeared and participated in the hearing with no objection by plaintiff is without application to the instant case. The few exceptions such as divorce cases, etc., are also without application.

█ Thus, there having been no answer by the only defendant at the time of the hearing in the trial court—and such defendant not being present, the allegations of the plaintiff which support the judgment are to be taken as confessed for the purpose of establishing the defendant's obligation by contract. The same would likewise by true had the damages sought been liquidated damages. It is only in the event the damages to be assessed in a case are unliquidated that they are not confessed as a consequence of the defendant's failure to answer. Where the damages are unliquidated there exists necessity that they be proved.

█ In the instant case there was necessity to prove damages by evidence for their character was that of unliquidated damages. We have discovered no case specifically holding that the amount due by an insurance company upon a "Hospitalization and Surgical Expense Policy", or analo-

gous policy of insurance, was an unliquidated amount necessary to be proved at any hearing upon the amount to be assessed by judgment pursuant to default on the part of the defendant insurance company. Nevertheless such is our holding. Guides to such conclusion were found in 17 Tex.Jur.2d, p. 218, "Damages", Sec. 151, "(Liquidated Damages)—In general"; and at p. 258, Sec. 190, "(Procedure for Ascertaining and Assessing Damages—Generally)—Determination of amount"; 25 Words & Phrases, "Liquidated Damages", p. 585, Sub. "Unliquidated damages distinguished".

The amount, per day of hospitalization, per operation, per service rendered as contemplated by the policy, etc., are unliquidated in nature and as such are necessary to be proved though the amount to be paid upon such proof be proved in writing—as fixed by the written provisions of the policy contract. Taken together it seems obvious that since the first stated items are to be made certain by proof outside the provisions to be found within the written contract, with the provisions upon amounts payable to be found therein applied thereto so that the amount of contractual liability may be ascertained, damages thus determinable are unliquidated damages.

Therefore, we are obliged to refer to the statement of facts of the evidence presented at time the issues on damages were tried.

■ By contract is provided the obligation of the defendant insurance company to pay to or in behalf of the plaintiff benefits to the extent of expense actually incurred incident to confinement in a hospital, as follows: "If any member of the Family Group shall be necessarily confined *within a Hospital recognized as such by the American Hospital Association, the American Medical Association or the American Osteopathic Association* . . . the Company will pay . . . for the following items of hospital expense actually incurred by the member of the Family Group, . . . (here follows various 'no limit' benefits payable for prescribed hospital services, and other stated benefits as to which a limitation upon the amount of liability is made, including limitation of $40.-00 per day for Hospital Room)." (Emphasis supplied.)

Nowhere in the evidence was there any proof which could be said to establish as a matter of fact that either of the two hospitals involved, expenses for services of which provide a basis for plaintiff's claim, were recognized by the American Hospital Association, the American Medical Association or the American Osteopathic Association. Contractual provision of the policy did not make such evidence a condition precedent; rather did the contractual provision set out the amount its liability for expense payment would be, and for what expenses. The evidence failed to show that a major part, if not all, of the expenses for which plaintiff sued qualified as expenses for which the contract provided payment.

There are points of error complaining that the evidence did not show that doctors in the case were "licensed" as required by policy provisions relative to expenses covered contractually. These are overruled. Testimony in the record concerning circumstances of referral to and methods of examination and treatment afforded by the doctors raised presumption that they were fully licensed physicians, and as such were not practicing medicine in violation of law. Kirk v. Standard Life and Accident Insurance Co., 475 S.W.2d 570 (Tex.Sup., 1972).

The majority of expenses for which plaintiff recovered judgment were hospital expenses. A minority of such expenses were based upon the services of physicians, etc., and it is obvious that a judgment merely for the expenses incident thereto would not be acceptable to plaintiff. Hence, there would be no possibility of remittitur which would eliminate necessity for another trial.

We hold that by the trial from which the appeal was taken plaintiff had established

the fact of liability on the part of the defendant insurance company, but that the amount of damages to which plaintiff is entitled because of such liability has not been established. A proper amount, as damages, has not been established because of the insufficiency of the evidence to show what portion of the claimed hospital expenses, if any, were incurred in hospitals recognized by the American Hospital Association, the American Medical Association or the American Osteopathic Association. Such not being shown by sufficient evidence, there likewise would be an insufficiency of evidence to support the judgment as same relates to penalties and attorney's fees.

By proper construction of the law under Texas Rules of Civil Procedure, rule 243, "Unliquidated Demands", the plaintiff, since he possessed entitlement to the default judgment on the contract, continues in his right though there be reversible error in the judgment as applied to the amount of damages in the judgment. Plaintiff could have taken his default judgment as applied to liability, leaving until a later time the hearing at which he would introduce proof upon the amount of his damages. Such deferred hearing is called a writ of inquiry. On hearing the subject of inquiry would be the matter or proper amount for which judgment should be rendered.

Thus is made plain that what plaintiff possessed was an interlocutory judgment upon liability, and, from our discussion at the early part of this opinion, there was not shown any reversible error in the granting of such to plaintiff. Hence, plaintiff's judgment in that regard should not be disturbed on appeal. What occurred, by operation of law and without entry of an order to such effect, was trial of the separate issue of plaintiff's damages because plaintiff was already entitled to his default judgment (as demanded) upon the liability issue. For analogy see T.R. C.P. 174(b), "Separate Trials", and T.R. C.P. 166-A, "Summary Judgment". The

matter was a part of the law discussed by Associate Justice Calvert in Iley v. Hughes, 158 Tex. 362, 311 S.W.2d 648, 650 (1958), in reaching the conclusion that the same situation does not persist in all cases, and that there may not be separate trials of liability and damage issues in personal injury litigation. Further: see 4 Tex.Jur.2d., p. 455, "Appeal and Error—Civil", § 872, "Reversal as to some issues", and § 874 (p. 459) "Severability of judgment or issues".

In so far as the judgment decreed the contractual liability of Justice Life Insurance Company it is affirmed (albeit its persistence is as an interlocutory judgment); and the judgment in other aspects is reversed and remanded to the trial court for trial anew upon the matter of amount of damages, penalties and attorney's fees.

All costs are taxed against the plaintiff Ray Walker.