**HARRIS COUNTY WATER CONTROL AND IMPROVEMENT DISTRICT NO. 84 et al., Appellants,**

v.

**Hazel HORNBERGER Trust et al., Appellees.**

No. 17610.

Court of Civil Appeals of Texas, Houston (1st Dist.).

April 10, 1980.

Rehearing Denied May 22, 1980.

Underwood & Durst, Olen Underwood, J. C. Durst, Conroe, James M. Seabolt, Houston, for appellants.

Butler, Binion, Rice, Cook & Knapp, Michael Connelly and Wm. Blanton, Jr., Houston, for appellees.

WARREN, Justice.

This is an appeal from a judgment refunding the total amount paid by appellees on a "benefit basis line" tax assessed and

collected by appellants for the years 1973, 1974 and 1975.[1]

Appellees own land situated within the water district. In 1973, appellant Water District assessed a "benefit basis" tax on landowners within the district. Under protest, appellees paid the tax for the years 1973 and 1974. In 1975, appellees filed suit alleging and seeking a declaration that the benefit basis line taxes assessed for the years 1973 and 1974 were void, excessive, illegal and unconstitutional.

Appellant did not timely file an answer to the suit and on July 1, 1975, the court granted a default judgment, as to liability and ordered a writ of inquiry. On July 11, 1975, appellants filed an unverified motion to set aside the default judgment which was heard and overruled on June 8, 1976. Appellants did not present any affidavits or other evidence in support of the motion to set aside the default judgment.

Subsequent to the default judgment, but before the writ of inquiry was held, appellees filed an amended petition seeking a refund of the 1975 benefit basis line tax making the same pertinent allegations.

On September 17, 1979, the writ of inquiry was held and testimony was received regarding the amount of taxes paid for the years 1973, 1974 and 1975. Although appellants asked for a running objection pertaining to any testimony regarding the 1975 taxes, their counsel, previous to the objection, announced ready for trial as to all three years. The court gave judgment refunding to appellees the entire amount of the benefit basis line taxes paid for the years 1973, 1974 and 1975 plus interest.

Appellants claim that the trial court erred (1) in refusing to set aside the interlocutory default judgment, (2) in applying the wrong measure of damages, and (3) in awarding damages for the year 1975 because this claim was not asserted until after the default judgment had been granted.

In their original motion to set aside the interlocutory default judgment, filed July 11, 1975, appellants alleged that an answer was not filed because settlement negotiations were being conducted between the parties and, as a result, they were lulled into a sense of security that no action would be taken. No allegations were made that counsel for appellees had in anyway led them to believe that it would be unnecessary to file an answer or that no action would be taken.

 As meritorious defenses to appellees' petition, appellants pled that their records showed that appellees owned 74.12 acres, instead of the 67.28 acres alleged by appellees, and that the benefit tax was adopted pursuant to the provision of the Water Code and was well within the constitutional authority bestowed upon the appellants. The fact that appellants' records showed a certain number of acres were owned by appellees is not a relevant fact pertinent to any defense to appellees' cause of action for a refund of the benefit basis line taxes. The second allegation is merely a conclusion which does not set up a meritorious defense as contemplated by *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939). A trial court does not abuse its discretion by refusing to set aside a default judgment where facts have not been alleged setting up a meritorious defense or where the facts which have been alleged are not supported by affidavit or other evidence. *Ivy v. Carrell*, 407 S.W.2d 212 (Tex.1966).

Appellants' second and third points of error claim that the trial court erred in rendering judgment for the full amount of taxes paid rather than for the excessive amount of taxes paid.

In support of their position, appellants rely on many ad valorem tax cases holding that after an ad valorem tax has been implemented, a taxpayer is only entitled to recover excess taxes paid, even though the tax plan as implemented, is erroneous. In

1. The judgment also refunded, with interest, the excessive portion of an ad valorem tax.

This portion of the judgment is not in dispute.

all of the cases cited by appellants, the taxing authority had the power and the authority to levy the tax. Appellees present cases involving suits to refund taxes other than ad valorem taxes, in which the courts have allowed full refund where the tax was shown to be illegal. In general, these cases have held that where a tax is unconstitutional or void, a taxpayer is entitled to receive a refund of all amounts paid to the taxing authority. See *Crow v. City of Corpus Christi*, 146 Tex. 558, 209 S.W.2d 922 (Tex.1948); *State v. Akin Products Co.*, 155 Tex. 348, 286 S.W.2d 110 (1956).

■ A default judgment admits all matters properly alleged in plaintiff's petition except the amount of damages. 4 McDonald § 17.23.3 (1971 rev. ed.); *Southern S.S. Co. v. Schumacher Co.*, 154 S.W.2d 283 (Tex.Civ.App.—Galveston 1941, writ ref'd w.o.m.).

■ Even though some of the allegations in appellees' petition were couched in the form of legal conclusions, they were sufficient to apprise appellants that they were contending that the benefit basis line taxes assessed by appellants were void, illegal and unconstitutional. Therefore, the default judgment would be effective to declare these taxes void, illegal and unconstitutional. Under these circumstances, appellees were entitled to a refund of the entire amount paid to the water district. Appellants' second and third points of error are overruled.

■ Appellants' final point of error alleges that the trial court erred in rendering judgment for appellees refunding the amount of taxes for the year 1975, because appellees' claim for taxes paid in 1975 was not made until after the interlocutory default judgment was granted. We sustain this point of error. The interlocutory default judgment was granted on July 1, 1975, as to benefit basis line taxes paid for the years 1973 and 1974. On April 22, 1976, appellees filed a supplemental petition seeking to recover a refund of the benefit basis lines taxes paid in 1975 alleging the same ground for recovery as alleged in the original petition for the recovery of the 1973 and 1974 taxes. At the writ inquiry held on September 17, 1979, the court, over an objection by appellant, (which was never ruled on except by implication) admitted evidence concerning the payment of the 1975 taxes. No evidence was presented, however, that the 1975 tax was illegal, void or unconstitutional. Therefore, liability was never established for the year 1975, since the interlocutory default only applied to 1973 and 1974, and the writ of inquiry concerned damages only.

The judgment is affirmed as to damages awarded for the years 1973 and 1974 and reversed and remanded as to damages awarded for the year 1975.

PEDEN and EVANS, JJ., also sitting.