**John J. TERMEER, Appellant,**

v.

**INTERSTATE MOTORS, INC., Appellee.**

**No. 09 81 062 CV.**

Court of Appeals of Texas, Beaumont.

April 8, 1982.

Rehearing Denied April 29, 1982.

Mason Martin, Conroe, for appellant.

George Renneberg, Conroe, for appellee.

DIES, Chief Justice.

Interstate Motors, Inc., as plaintiff below, sued Paul Wright and John J. Termeer, a partnership, defendants below, alleging, inter alia, violations by the latter of the Deceptive Trade Practices—Consumer Protection Act, *Tex.Bus. & Com.Code Ann., § 17.50* et seq. (Supp.1982). Both defendants were duly served, failed to answer, and thereafter a default judgment was taken against each. Only defendant Termeer perfects this appeal.

Defendant's points of error one, two, and four all urge reversal because no written notice was allegedly given under *Section 17.50A(a)* of the Act. A default judgment operates as an admission of the material facts alleged in plaintiff's petition except as to unliquidated damages. *Mo-Vac Service v. Marine Contrs. & Supply, Inc.*, 586 S.W.2d 573 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n. r. e.); *Southland Mower Co., Inc. v. Jordan*, 587 S.W.2d 215 (Tex.Civ.App.—Fort Worth 1979, writ ref'd n. r. e.); *Watson v. Sheppard Federal Credit Union*, 589 S.W.2d 742, 744 (Tex.Civ.App.—Fort Worth 1979, writ ref'd n. r. e.); *Harris Cty. Water Control, etc. v. Hornberger*, 601 S.W.2d 66 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n. r. e.). Plaintiff below properly plead the notice condi-

tion and proved up its damages and attorney's fees before the trial court. These points of error are overruled.

■ Defendant's third point of error contends the trial court erred in rendering judgment for treble damages because there was no evidence the conduct committed by Termeer was "committed knowingly," citing *17.50(b)(1)* of the Act. Defendants below are partners in an auto repair concern. One of the partners, after accepting plaintiff's automobile for repairs, drove it to Houston and into a lake causing extensive damages. The statement of facts shows that plaintiff's president told appellant Termeer of what happened. He was told the partnership would buy the car. Even if this was not so, Termeer was bound by his partner's actions. Texas Uniform Partnership Act, *Tex.Rev.Civ.Stat.Ann. art. 6132b, § 9(1)* and *§ 13* (1970); 44 Tex.Jur.2d *Partnership* § 63 (1963). This point of error is overruled.

■ Defendant's fifth point contends plaintiff is not a consumer under the Act. There is no question or contention made that when plaintiff delivered its automobile to defendants for repairs it was not at that time a "consumer" under the Act. Rather the novel argument is advanced that when one of the partners drove the car to Houston, and into a lake, plaintiff ceased being a "consumer." We reject this sophistry and point out that such action was clearly "an unconscionable action" condemned by *Section 17.50(a)(3)* of the Act. This point is overruled.

■ Defendant's last point of error is that the court's judgment exceeded the amount prayed for in plaintiff's petition. This point is sustained, and the judgment is reformed to reflect that plaintiff recover of and from defendants $3,780 together with $450 attorney's fees and legal interest on the judgment. The judgment is in all other respects affirmed.

AFFIRMED as reformed.

KEITH, Justice, concurring.

While I have grave doubts as to the sufficiency of the allegations in plaintiff's petition to support the default judgment under the rationale of *Stoner v. Thompson*, 578 S.W.2d 679 (Tex.1979), as well as the sufficiency of the admissible probative evidence to support the award of unliquidated damages which were trebled (given at a hearing mandated by *Tex.R.Civ.P. 243*), I am unable to reach such questions even under the liberal briefing rules mandated by *Fambrough v. Wagley*, 140 Tex. 577, 169 S.W.2d 478, 482 (1943), and its progeny. Consequently, I concur in the affirmation of the judgment.