**K–MART APPAREL FASHIONS CORPORATION, Appellant,**

v.

**Nina RAMSEY, et vir., Appellees.**

**No. 01–85–090–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

June 6, 1985.

Rehearing Denied July 12, 1985.

Knox D. Nunnally, Vinson & Elkins, Don Jackson, Vinson & Elkins, Houston, for appellant.

Gordon E. Davenport, Jr., Brown, Todd, Hagood & Davenport, Roy E. Brown, Brown, Todd, Hagood & Davenport, Alvin, for appellees.

Before EVANS, HOYT and SAM BASS, JJ.

## OPINION

SAM BASS, Justice.

The appellees Nina Ramsey and James Ramsey brought suit against K–Mart Apparel Fashions Corporation for negligence, alleging that K–Mart was liable for the personal injury damages Mrs. Ramsey sustained on K–Mart's premises. K–Mart filed no answer. After a hearing on damages to the court, a default judgment was rendered in the amount of $460,000. K–Mart appeals by petition for writ of error.

We affirm.

The appellant K–Mart raises five issues for review: (1) it complains that the appellees' pleadings do not support the judgment; (2) it alleges that the record does not affirmatively show that the court had personal jurisdiction over K–Mart; (3) it contends that the hearing on damages was held without notice to K–Mart and not set in accordance with local rules; (4) it argues that the evidence is either legally or factually insufficient to support any award of damages; and (5) it argues that the damage award is excessive.

In point of error one, the appellant argues that the appellees' pleadings do not allege a cause of action upon which a default judgment may be rendered, and thus the trial court erred in rendering a judg-

ment on such pleadings. It contends that the negligence and causation elements of the appellees' cause of action are stated as legal conclusions, and there were no facts pleaded that would establish these elements or support the judgment.

■ In order for the pleadings to support the judgment, the pleadings must state with reasonable certainty and without resorting to outside sources the elements of the cause of action and the relief sought. *Stoner v. Thompson*, 578 S.W.2d 679, 683 (Tex.1979).

The plaintiff's petition alleged that the defendant, K–Mart, by and through its agents, servants, and/or employees, was engaged in the business of selling consumer goods at retail to the general public at the time of the occurrence. The petition alleged that on the day in question, the plaintiff was on the defendant's store premises at the defendant's invitation. Consequently, the plaintiff argued, the defendant owed a duty to her as its invitee to use ordinary care, which included a duty to protect and safeguard her from unreasonable, dangerous conditions on the premises or to warn her of their existence. The petition further alleged that a ladder fell off a shelf, striking her on the head and causing her to sustain serious bodily injuries while on the defendant's premises. Finally, the petition asserted that the plaintiff's injuries and damages were proximately caused by the defendant's negligence.

■ The owner of business premises owes a business invitee a duty to keep those premises in a reasonably safe condition, to inspect the premises to discover any latent defects, and to make safe any defects or else give adequate warnings. *Adam Dante Corp. v. Sharpe*, 483 S.W.2d 452 (Tex.1972). The plaintiff's petition in this case adequately alleged the basic elements of a negligence action under this theory of recovery. The fact that the plaintiff may have stated some elements of her cause of action in the form of a legal conclusion does not render her pleading insufficient to support the trial court's judgment. *Stoner v. Thompson*, 578

S.W.2d at 683; *see also* 4 R. McDonald, *Texas Civil Practice in District and County Courts*, sec. 17.23.3 (rev. ed. 1984). The first point of error is overruled.

In point of error two, the appellant argues that the record does not affirmatively establish that personal jurisdiction over K–Mart was obtained. K–Mart alleges that the record contains no proof that CT Corporation Systems, the entity served with process, was K–Mart's agent.

Article 8.10 of the Texas Business Corporations Act requires a foreign business to appoint a registered agent. Appellees' petition, citation, and return allege that K–Mart is a foreign corporation, authorized to transact business in this state and has appointed CT Corporation Systems as its registered agent. Nothing in the record contradicts the plaintiff's allegations that CT Corporation Systems is K–Mart's registered agent.

In *National Medical Enterprises of Texas, Inc., v. Wedman*, 676 S.W.2d 712 (Tex. App.—El Paso 1984, no writ), the El Paso Court of Appeals was faced with a similar issue. The court held: "The petition, the citation and return thereon were sufficient in making a prima facie showing that the corporation served and the person served were respectively the registered agents of the two corporations and obviated the necessity for the trial court to hear evidence thereon." *Id.* at 715–16; *see also Hillson Steel Products, Inc. v. Wirth, Ltd.*, 538 S.W.2d 162, 164 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ). We conclude that the appellees' petition, citation, and return are sufficient to make a prima facie showing that CT Corporation Systems was K–Mart's registered agent, and that service on CT Corporation Systems gave the court personal jurisdiction over K–Mart. The appellant's second point of error is overruled.

In its third point of error, the appellant complains that the default judgment for $460,000 should be set aside, because K–Mart was denied its right to notice of the damages hearing. After the trial court granted the default judgment and pursuant to Rule 243 of the Texas Rules of Civil Procedure, it immediately proceeded with a hearing to ascertain the amount of damages. The appellant argues that a separate hearing should have been set on the issue of damages and that under both Texas Rules of Civil Procedure and Galveston's local rules it should have been given notice to appear and contest the damages part of the case.

The appellants cite *Bass v. Duffey*, 620 S.W.2d 847, 850 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ), as support for its argument that both the state and local rules require a separate hearing on damages and notice of such hearing. The trial court in that case struck the defendant's answer and then held a hearing on damages without giving notice to the defendant. The court of appeals stated: "Having made his appearance defendant was still present in the law suit after the sanctions were imposed and, thus, was entitled, to notice of the trial on damages." *Id.* at 850. Consequently, *Bass v. Duffey* is a post-answer default case, in which the court struck the defendant's petition when he failed to timely file a response to the plaintiff's interrogatories. It does not support the appellant's argument. We hold, when a defendant fails to answer, neither rule 243 nor Galveston's local rules require separate notice of the damages hearing. The third point of error is overruled.

In points of error 4 through 10, the appellant argues that the evidence is both legally and factually insufficient to support the trial court's award of $460,000.

The plaintiff alleged general damages in the amount of $450,000, past medical expenses in the amount of $50,000, and future medical expenses in the amount of $50,000. The trial court's judgment did not award damages according to specific categories, and the judgment makes only a lump sum award of $460,000. Because no findings of fact or conclusions of law were filed or requested, we will assume that the trial judge made all the necessary findings to support the judgment. *Lassiter v. Bliss,*

559 S.W.2d 353, 358 (Tex.1978). We also presume that the trial court disregarded all incompetent evidence in deciding upon such an award. *Gerland's Food Fair, Inc. v. Hare,* 611 S.W.2d 113, 120 (Tex.Civ.App.— Houston [1st Dist.] 1980, writ ref'd n.r.e.).

At trial, Mrs. Ramsey testified that she was 62 years old at the time of the incident and that prior to that time, she had not had any problems with her neck, head, or right arm. After the incident, she lost consciousness, and she has since had continuous problems, suffering pain in her head, neck, and right arm. She has some loss of sensation in her right arm. She cannot stoop over or stand for any extended period of time. Before the incident, she had been active around the house and worked in the garden, keeping the one-acre lawn mowed, edged, and weeded. Since the incident, she cannot do any of those things, and she is also unable to use the vacuum cleaner or do any jobs that require her to stand up or stoop over. Mr. Ramsey generally corroborated his wife's testimony, explaining that she was "grouchier" than she used to be. He also testified that since the incident, she has not been able to get into their boat or to go fishing with him and that she did not enjoy life as much as she did before her injury. In addition to this testimony, Mr. and Mrs. Ramsey offered the affidavit of Dr. Charles Borne, a neurosurgeon, who was Mrs. Ramsey's treating physician. Attached to this affidavit are various hospital bills, medical bills, and prescription bills, totalling $10,046.94, which the doctor certified were reasonable and necessary charges for Mrs. Ramsey's medical treatment.

■ The appellant contends that there is no competent evidence in the record to support an award for medical expenses, because the affidavit and documents attached thereto are hearsay. The appellant relies on *Morgan v. Compugraphic Corp.,* 675 S.W.2d 729 (Tex.1984), and rule 243, which require that the plaintiff's injuries be proven by competent evidence.

However, Rule 802 of the Texas Rules of Evidence was in effect at the time this case was tried and provides: "Inadmissible hearsay admitted without objection shall not be denied probative value merely because it is hearsay." We thus hold that the affidavit testimony has probative effect and satisfies the requirements of rule 243.

■ The appellant also complains that Mr. Ramsey was not entitled to recover exemplary damages or future medical expenses. Because there are no pleadings to support an award for exemplary damages, Mrs. Ramsey is not entitled to these damages. *Stoner v. Thompson,* 578 S.W.2d at 683. Further, because there was no evidence of future medical expenses, she is not entitled to recover these damages. *Morgan v. Compugraphic,* 675 S.W.2d at 732. However, there is no indication that the trial court made any award for future medical expenses or for exemplary damages. Thus, we will assume the court disregarded these damages in making its award. *See Gerland's Food Fair, Inc.,* 611 S.W.2d at 120.

■ In conclusion, Mrs. Ramsey alleged that she was entitled to recover for her "nervous shock, mental anguish, and physical impairment." We hold the evidence is legally and factually sufficient to support the trial court's judgment for such damages. Points of error 4 through 10 are overruled.

■ In the appellant's final point of error, it argues that the damages were excessive in light of the injuries suffered. This court may not substitute its judgment for that of the trier of fact on this issue, and the amount of damages will not be disturbed unless the record clearly indicates that the award was based upon passion, prejudice, or improper motive. *Gulf States Utilities Co. v. Reed,* 659 S.W.2d 849 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.). The appellant has not demonstrated that the award was motivated by passion, prejudice, or other improper motive, nor do we find that it is so excessive as to shock the conscience of the court. We overrule the final point of error.

The judgment is affirmed.