**CHEMICAL EXCHANGE INDUSTRIES, INC., Appellant,**

v.

**Benito VASQUEZ, Jr., Appellee.**

**No. A14–85–301–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

March 6, 1986.

Rehearing Denied April 3, 1986.

---

James L. Ware, James B. Galbraith, Otto D. Hewitt, III, Galveston, for appellant.

Scott R. Brann, J. Gary Trichter, Mallett, Trichter & Brann, Houston, Russell H. McMains, Corpus Christi, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

This is an appeal from a judgment entered against appellant (defendant below) in which the trial court awarded appellee (plaintiff below) $645,552.00 for injuries sustained during an explosion at appellant's petroleum plant. The award of damages followed an earlier entry by the trial court of an interlocutory default judgment against appellant because of appellant's egregious conduct and repeated abuses of the discovery process. Appellant brings sixty-eight points of error, alleging the trial court erred 1) in refusing appellant the right to trial by jury, 2) in proceeding to trial without proper and sufficient notice, 3)

in ordering sanctions against appellant, 4) in entering judgment against appellant for actual and punitive damages, 5) in granting appellee's motion to sever, 6) in filing certain findings of fact and conclusions of law, 7) in refusing to itemize damages, 8) in refusing to enter a take-nothing judgment as to appellee's claims against other defendants, and 9) in ruling on the admissibility of certain evidence. We affirm the imposition of sanctions against appellant but reverse and remand for a new trial on damages as appellant did not receive notice as required by Tex.R.Civ.P. 245.

Appellee was one of over thirty persons who brought suit against appellant as a result of an explosion that occurred at appellant's Baytown petrochemical plant on July 18, 1982. During a lengthy discovery process, appellant was ordered by the trial court on several occasions to produce deponents, designate experts and produce documents. When some of these orders were violated, appellee moved for sanctions against appellant. The first sanctions to be imposed against appellant occurred on August 3, 1984, when appellant was ordered to produce one of its expert's written reports by July 23, 1984. Appellant was further ordered to produce the expert for deposition within forty-five days and to pay attorney's fees of $1,000.00. The trial court conducted a hearing on appellant's Motion to Quash the expert's deposition on August 14, 1984, denied the motion, again ordered appellant to produce the expert along with the material described in a subpoena duces tecum, and ordered appellant to pay attorney's fees of $750.00. On August 24, 1984, the trial court granted appellee's final Motion for Sanctions, and in its order struck appellant's pleadings, granted an interlocutory default judgment against appellant as to all issues concerning liability, precluded appellant from presenting any expert testimony at the trial on damages, ordered appellant to pay $5,000.00 attorney's fees to each of seven attorneys, and ordered appellant to produce to the court certain documents within thirty days. The order further stated that a hearing on damages would take place before the trial

court on the day the order was signed, and would continue day to day until the testimony was complete. Numerous hearings were held by the trial court after the interlocutory order was signed, during which further discovery abuses were brought to the court's attention. The final Order of Sanctions and Default Judgment incorporated the August 24 order and was signed November 19, 1984. After a trial before the court on the issue of damages, the judge signed the final judgment on January 29, 1985, in which appellee was awarded $145,552.00 in actual and $500,000.00 in punitive damages.

In points of error fourteen through thirty-eight appellant alleges the trial court abused its discretion in ordering sanctions against appellant on three separate occasions. These sanctions, all of which were imposed for abuses of the discovery process, included the imposition of attorney's fees, the striking of appellant's pleadings, the entry of a default judgment against appellant, and the preclusion of any expert testimony by appellant on the issue of damages.

On April 13, 1984, on appellee's motion and after a hearing, the trial court ordered appellant to designate its experts and produce the experts' reports within forty-five days. Appellant admits that no formal designation was timely made. Appellee noticed appellant's expert, John Freeman, for deposition on June 22, 1984. A certificate of non-appearance was taken by appellee after Freeman failed to appear. On August 3, 1984, on appellee's motion and after a hearing, the trial court ordered appellant to produce all experts' written reports by July 23, 1984, and to produce Freeman for deposition within forty-five days. Appellee again noticed Freeman for deposition on alternate dates of August 15 or 17, 1984. Appellee filed a Motion to Quash Freeman's deposition, which was denied. Freeman was produced on August 15, for two hours only, and appellee's counsel only was allowed to question him although other plaintiffs' counsel were also present. Documents and reports which were ordered by

the court to be produced before the deposition were not produced until the deposition, and then not in final form. In addition, documents prepared at the scene of the explosion were produced for the first time at the deposition despite repeated requests for production by appellee prior to the deposition.

Appellant argues that the discovery process was complicated by the number of plaintiffs involved and that it eventually complied with court orders although not necessarily in a timely manner. Therefore, appellant contends, the sanctions should not have been imposed to punish appellant.

■■■■ While this court recognizes the harshness of these sanctions, the Texas Supreme Court has told us in no uncertain terms that the trial court is to be given the broadest discretion in imposing sanctions for discovery abuses. "The use of sanctions by trial courts to prevent discovery abuse has developed steadily over the past several years. These changes reflect the continuing pattern both to broaden the discovery process and to encourage sanctions for failure to comply." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex.1985). The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action. Rather, it is a question of whether the court acted without reference to any guiding rules and principles. *Id., citing Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939). The Court also approves the use of sanctions to deter abuse of the process in addition to ensure compliance with discovery. *Id.* The Court in *Downer* concluded that the trial court was free to examine many factors before it in deciding whether to levy sanctions, including the striking of Aquamarine's answer for failure to produce individuals for deposition. The court concluded by stating that "The record contains no indication that the trial court was capricious, arbitrary, or unreasonable." *Id.* at 243. *See Jarrett v. Warhola*, 695 S.W.2d 8 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd), in which

this court upheld the trial court's dismissal for failure to comply with discovery orders concerning identification of expert witnesses. *See also Waguespack v. Halipoto*, 633 S.W.2d 628 (Tex.App.—Houston [14th Dist.] 1982, writ dism'd), in which this court held that in view of the plaintiff's dilatory behavior and defiance of court orders concerning discovery requests, the trial court did not abuse its discretion in dismissing the case.

■■■ Appellant failed to respond in a timely manner to appellee's discovery requests, forcing appellee to file motions for compliance. Appellant failed to comply timely with the court orders resulting from appellee's motions; therefore we do not find an abuse of discretion in the imposition of sanctions. Appellant's points of error fourteen through thirty-eight are overruled.

In points of error one through eight appellant contends the trial court erred in refusing appellant the right to trial by jury on the issue of damages. Appellant argues that it was entitled to a jury trial because it paid a jury fee more than ten days before the trial began as required by Tex.R.Civ.P. 216.

■■■ The right to a jury trial in a civil case, while not absolute, has always been jealously guarded in our democratic system of justice. *Hardy v. Port City Ford Truck Sales, Inc.*, 693 S.W.2d 578, 579 (Tex.App. —Houston [14th Dist.] 1985, writ ref'd n.r. e.). *See also* Tex. Const. art. I, § 15; Tex. Const. art. V, § 10. The rendering of a default judgment as a sanction for failure to permit discovery does not dispense with the necessity of a jury trial, if one has been demanded, on an unliquidated claim. *Illinois Employers Insurance Co. of Wausau v. Lewis*, 582 S.W.2d 242, 246 (Tex.Civ.App. —Beaumont), *writ ref'd n.r.e. per curiam*, 590 S.W.2d 119 (Tex.1979). *See also* Tex. R.Civ.P. 243. Rule 216 provides that the demand for a jury be made and the necessary fee paid "on or before appearance day or, if thereafter, a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than ten days

in advance." Therefore, there are two basic requirements in securing a jury trial in a civil case: 1) there must be an application or demand for a jury trial and 2) the correct fee must be paid. *Hardy v. Port City Ford Truck Sales, Inc.*, 693 S.W.2d at 579.

The record reflects that appellant did pay the required jury fee on October 29, 1984. What is not so clear is exactly when the "trial" on damages began because of the complexities of the writ of inquiry process. Regardless of whether the trial began on October 30, 1984, or December 19, 1984, no demand for a jury trial was made until December 19, 1984. The ten day time limitations apply with equal force to the application for jury trial and the payment of the jury fee. *Huddle v. Huddle*, 696 S.W.2d 895 (Tex.1985). As no timely demand or application for a jury trial was made by appellant, the trial court did not err in refusing one. Appellant's first eight points of error are overruled.

In points of error nine through thirteen appellant alleges the trial court erred in proceeding to trial because there was no proper and sufficient notice of trial as required under the Texas and local rules of civil procedure. In particular, appellant argues it was not given notice ten days in advance of trial as required by Tex.R.Civ.P. 245, and appellee failed to certify the case for trial as required by Rule 3 of the Rules of the District Courts of Harris County, Texas, for the Trial of Civil Cases.

Tex.R.Civ.P. 243 provides that:

If the cause of action is unliquidated ..., the court shall hear evidence as to damages and shall render judgment therefor, *unless* the defendant shall demand and be entitled to a trial by jury in which case the judgment by default shall be noted, a writ of inquiry awarded, and the cause entered on the jury docket (emphasis added).

On August 24, 1984, the trial court conducted a hearing on appellee's Motion for Sanctions. The court's order entered that day granted the motion, entered the default judgment and stated that "this matter will be set for a hearing on damages before this Court upon the date this Order is signed and entered and continued day to day until testimony is complete." The order was not signed until November 19, 1984. Meanwhile, appellee sent notice to appellant on October 26, 1984, that a writ of inquiry would begin on October 30, 1984. Both parties appeared before the trial court on October 30 for the writ of inquiry; witnesses were sworn and asked to return on November 14, 1984. From October 30 until December 19, 1984, numerous hearings were conducted before the trial court concerning motions for continuance, motions to reconsider the imposition of sanctions, an order on an independent medical examination of appellee, and motions concerning other plaintiffs. On December 19, 1984, testimony on the issue of damages actually began. The testimony ended on January 9, 1985, with the final judgment signed on January 29, 1985.

Considering the language contained in Rule 243 it is difficult to understand why the trial court conducted these proceedings as it did, i.e., once the trial court decided to proceed immediately with a hearing on damages, there was no need to conduct a writ of inquiry. It is therefore difficult to ascertain exactly when the "trial" on damages began. However, this court is of the opinion that since there was no timely jury demand, the trial began immediately upon the swearing of the witnesses on October 30, 1984. Having made its appearance appellant was still present in the law suit after the sanctions were imposed and was entitled to notice of the trial on damages. *Bass v. Duffey*, 620 S.W.2d 847, 850 (Tex. Civ.App.—Houston [14th Dist.] 1981, no writ). Because this proceeding constituted the trial on damages, Tex.R.Civ.P. 245 applied, and appellant was entitled to ten days' advance notice. The notice of October 26, 1984, was therefore insufficient. Even if we were to accept appellee's argument that the trial began on December 19, 1984, there is nothing in the record except appellant's appearance to indicate any notice that the trial would begin that day. To the contrary, appellant continuously sought

and received the trial court's assurance throughout these proceedings that the case was not yet set for trial, and on December 19, 1984, appellant again asserted it had not received ten days' notice as required by Rule 245. We therefore sustain appellant's eleventh point of error.

Because the points of error discussed are dispositive of the entire appeal, we need not consider the remaining points of error.

We affirm that portion of the trial court's judgment imposing sanctions and entering a default judgment against appellant. We reverse that part of the judgment entering damages against appellant and remand this cause to the trial court for a trial on damages. *See* Tex.R.Civ.P. 434; *Bass v. Duffey,* 620 S.W.2d at 850.