Benito **VASQUEZ**, Jr., Petitioner,

v.

**CHEMICAL EXCHANGE INDUSTRIES INC., et al., Respondent.**

No. C–5321.

Supreme Court of Texas.

Nov. 5, 1986.

Rehearing Denied Jan. 21, 1987.

Scott R. Brann, J. Gary Trichter, Mallett, Trichter & Brann, Houston, for petitioner.

James Galbraith, Otto Hewitt, III, James L. Ware, McLeod, Alexander, Powel & Apffel, P.C., Galveston, for respondent.

OPINION

RAY, Justice.

This is a personal injury suit in which the trial court granted a default judgment on liability as a discovery sanction and after a hearing on damages awarded judgment to Vasquez. The court of appeals held that Chemical Exchange had received inadequate notice of the damages hearing and reversed the trial court judgment. 709 S.W.2d 257. The facts of this case are

accurately set out in the court of appeals' opinion, with one important exception. The court's statement that the order granting the Motion for Sanctions, rendering the default judgment and setting a hearing on damages was not signed until November 19, 1984 is incorrect. *Id.* at 261. The record reflects that the order setting the hearing on damages was signed on August 24, 1984. The only order in the record signed on November 19, 1984 does not contain the language quoted by the court of appeals.

Chemical Exchange Industries did not object to the order setting the hearing on damages and thus did not preserve error as to notice. In addition, the record does not reflect that any error in this regard was reversible. Tex.R.App.P. 81.

Therefore, we reverse that part of the court of appeals' judgment remanding the cause for a new trial on damages and affirm the trial court's judgment.