**Robert Eric LONG, Appellant,**

v.

**Joseph A. McDERMOTT, Appellee.**

**No. 01-90-00467-CV.**

Court of Appeals of Texas, Houston (1st Dist.).

July 5, 1991.

S. Brady Whitaker, Houston, for appellant.

Joseph A. McDermott, III, Houston, for appellee.

Before DUGGAN, O'CONNOR and MIRABAL, JJ.

## OPINION

MIRABAL, Justice.

This is an appeal by writ of error from a default judgment.

This lawsuit arises out of an automobile collision that occurred on February 7, 1989, on U.S. Highway 290. McDermott sued Long for negligence and gross negligence, and upon Long's failure to file an answer, McDermott obtained a default judgment in the principal amount of $6,852.22, representing $6,452.22 for collision damage to McDermott's vehicle, and $400 for loss of use of the vehicle. We affirm.

McDermott's pleadings in the trial court incorrectly listed Long's address as "6800 Hollister, No. 2702" rather than "5800 Hollister, No. 2702." The original petition and citation were served on defendant Long on October 18, 1989, notwithstanding the single-digit typographical error in his address. The constable's return states that there is no such address as "6800 Hollister," and that Long was served at "5800 Hollister, No. 2702." On appeal, Long does not challenge the propriety of service of process.

Long did not answer McDermott's lawsuit, and McDermott moved for default judgment. The motion for default judgment was set for hearing November 16, 1989, and default judgment was granted November 16, 1989. McDermott's motion for default judgment contains a certificate of service on Long by certified mail; the certificate of service repeats the typographical error. McDermott also filed a certificate of last known address that repeated the error. The crux of Long's complaint on appeal is that it is clear on the face of the record that both the motion for default judgment and the notice of entry of default judgment were sent to the wrong address, and that he therefore did not receive due notice.

■ The elements necessary for appellate review by writ of error are: (1) the petition for writ of error must be filed in the trial court within six months of the date of the final judgment, (2) the petitioner for writ of error must be a party to the action who did not participate in the actual trial of the case, and (3) the error must be apparent from the face of the record. *Stubbs v. Stubbs*, 685 S.W.2d 643, 644 (Tex. 1985); *Brown v. McLennan County Children's Protective Servs.*, 627 S.W.2d 390, 392 (Tex.1982); TEX.R.APP.P. 45. Here, the first two elements are met; the issue on this appeal is whether reversible error appears on the face of the record.

■ In point of error one, Long complains that the trial court erred in granting default judgment against him because no notice of the court's intention to call this case for trial or to hold a hearing on the motion for default judgment was ever sent to or received by Long or his attorneys as

required by rules 239, 239a, and 21a of Tex.R.Civ.P.

After a citation and petition are served on a defendant, the plaintiff has no legal duty to notify the defendant before taking a default judgment on the causes of action asserted in the served petition. The rules do not require separate notice of the hearing on unliquidated damages. *K–Mart Apparel Fashion Corp. v. Ramsey*, 695 S.W.2d 243, 246 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). Other Texas courts of appeals agree with our disposition of this issue. *See Daylin, Inc. v. Juarez*, 766 S.W.2d 347, 351 (Tex.App.—El Paso 1989, writ denied); *Olivares v. Cauthorn*, 717 S.W.2d 431, 434 (San Antonio 1986, writ dism'd); *Helfman Motors, Inc. v. Stockman*, 616 S.W.2d 394, 397 (Tex. App.—Fort Worth 1981, writ ref'd n.r.e.). We disagree with the dissent's assertion that *Peralta* [1] and *Lopez* [2] require a different result.

We overrule point of error one.

In point of error two, Long complains that the trial court erred in granting McDermott's motion for default judgment and entering judgment against Long because no notice of the signing of the order was ever sent to him as required by Tex. R.Civ.P. 239a. [3]

In point of error three, Long complains that the trial court erred in not giving him notice that an order granting McDermott's motion for default judgment had been signed on November 16, 1989.

**1.** *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988).

**2.** *Lopez v. Lopez*, 757 S.W.2d 721 (Tex.1988).

**3.** Tex.R.Civ.P. 239a provides:

At or immediately prior to the time an interlocutory or final default judgment is rendered, the party taking the same or his attorney shall certify to the clerk in writing the last known mailing address of the party against whom the judgment is taken, which certificate shall be filed among the papers in the cause. Immediately upon the signing of the judgment, the clerk shall mail written notice thereof to the party against whom the judgment was rendered at the address shown in the certificate, and note the fact of such mail-

A party's failure to comply with the certificate and notice provisions of Rule 239a does not constitute reversible error in an appeal by writ of error. *Bloom v. Bloom*, 767 S.W.2d 463, 468 (Tex.App.—San Antonio 1989, writ denied). The purpose of Rule 239a is to afford a defendant notice of the default judgment which has been rendered against him so that he can timely file a motion for new trial or an appeal. It is designed as an administrative convenience for the parties, and the failure to file a certificate of last known address, or to give notice of the entry of default judgment, does not constitute reversible error. *City of Houston v. Arney*, 680 S.W.2d 867, 873 (Tex.App.—Houston [1st Dist.] 1984, no writ); *Bloom*, 767 S.W.2d at 468; *Buddy L., Inc. v. General Trailer Co.*, 672 S.W.2d 541, 543 (Tex.App.—Dallas 1984, writ ref'd n.r.e.); *Grayson Fire Extinguisher Co. v. Jackson*, 566 S.W.2d 321, 322 (Tex.Civ.App.—Dallas 1978, writ ref'd n.r.e.). Essentially, appellant is seeking to reverse a judgment valid on the face of the record because of something occurring after the judgment was rendered. Appellant cannot succeed with this argument in a writ of error appeal. [4]

We overrule appellant's points of error two and three.

We affirm the judgment.

O'CONNOR, J., dissents.

O'CONNOR, Justice, dissenting.

I dissent. I would reverse and remand for two reasons.

ing on the docket. The notice shall state the number and style of the case, the parties in whose favor and against whom the judgment was rendered, and the date of the signing of the judgment. Failure to comply with the provisions of this rule shall not affect the finality of the judgment.

**4.** We note that the failure to provide notice of a default judgment under rule 239a can be properly attacked by filing a bill of review in the trial court, setting up lack of notice as one of the grounds. *Bloom*, 767 S.W.2d at 468; *Grayson*, 566 S.W.2d at 323 ("failure of the clerk to send the [rule 239a] notice would be highly important circumstance which would afford ground for relief from the judgment if the defendant is able to establish that he has a meritorious defense").

**1. No notice of the hearing on damages.**

In point of error one, Long complains that the trial court erred in granting a default judgment because he did not have notice of the court's intention to call this case for trial. The majority holds that after the defendant was served with process and failed to answer, the plaintiff had no legal duty to notify the defendant of the hearing to receive evidence of damages.

The majority relies on a case from our Court, *K–Mart Apparel Fashion Corp. v. Ramsey*, 695 S.W.2d 243, 246 (Tex.App.— Houston [1st Dist.] 1985, writ ref'd n.r.e.), to support its position that it was not necessary for plaintiff to give defendant notice of the hearing on damages. Significantly, *Ramsey* pre-dates the two most important cases dealing with notice and default judgment, *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988), and *Lopez v. Lopez*, 757 S.W.2d 721 (Tex.1988). In *Peralta*, a no-answer default case, the United States Supreme Court held that Texas could not require a defendant to prove a meritorious defense in a bill of review. *Peralta*, 108 S.Ct. at 900. A judgment entered without proper notice is "plainly infirm" by reason of the due process clause. *Id.* Following closely behind *Peralta*, the Texas Supreme Court issued *Lopez*, a post-answer default case, and held that the defendant was entitled to actual or constructive notice of the trial setting. *Lopez*, 757 S.W.2d at 723. I think that *Peralta*, *Lopez*, and due process require a plaintiff to give a defendant notice of the hearing to receive evidence on unliquidated damages.

The act of granting a default judgment should be distinguished from the hearing to present evidence on a claim for unliquidated damages. If the default judgment can be rendered without a hearing on damages, that is, if the damages are liquidated, the final default judgment can be rendered without giving a defendant notice of a hearing because no hearing is necessary. The notice in the citation is notice that the judgment will be rendered on the pleadings if a defendant does not appear or answer. Tex.R.Civ.P. 99(b) (the citation "shall notify the defendant that in case of failure of defendant to file an answer, judgment by default may be rendered for the relief demanded in the petition").

If the default judgment cannot be rendered without a hearing on damages, that is, if the damages are unliquidated, the final default judgment cannot be rendered without giving the defendant notice of the hearing on damages. The notice in the citation is not notice of the amount of unliquidated damages.

Once the trial court has granted a judgment by default against a defendant for failure to appear or answer, from that point on, the defendant is in the case as if he had filed an answer. By granting a default judgment against a defendant, the trial court decided it had jurisdiction over the defendant and that the defendant was responsible under plaintiff's pleadings. In that sense, once the trial court has entered a default judgment, the court has deemed the defendant to have appeared in the case. If the pleadings are for unliquidated damages, and if a hearing must be conducted to determine the amount of damages, I believe the defendant is entitled to notice of that hearing. The notice, after default but before a hearing, could be the same kind of notice given to a party once the party has answered, that is, by certified mail, return receipt requested.

Rule 243, Tex.R.Civ.P., provides for a hearing called a writ of inquiry after default to determine unliquidated damages. *See Chemical Exchange Industries, Inc. v. Vasquez*, 709 S.W.2d 257, 261 (Tex.App.— Houston [14th Dist.]) (case referred to the "complexities of the writ of inquiry process") *rev'd* 721 S.W.2d 284 (Tex.1986); *Justice Life Ins. Co. v. Walker*, 508 S.W.2d 434, 439 (Tex.App.—Fort Worth 1974, writ ref'd n.r.e.) (called the writ of inquiry a deferred hearing for unliquidated damages). The definition of writ of inquiry in *Black's Law Dictionary* is a writ issued after the plaintiff obtained a judgment by default on an unliquidated claim, directing the sheriff, with the aid of a jury, to inquire into the amount of the plaintiff's demand and assess his damages. *Black's*

*Law Dictionary*, p. 1444 (West 5th ed. 1979). However modern practice has modified the common law procedure, it is still a hearing to determine unliquidated damages after default.

I draw the following conclusions from the following cases: A defendant in a no-answer default case is entitled to a jury trial on unliquidated damages upon proper demand. *See Maywald Trailer Co. v. Perry*, 238 S.W.2d 826, 828 (Tex.App.—Galveston 1951, writ dism'd) (writ of inquiry after no-answer default). A defendant in a no-answer default case is entitled to attend the hearing on unliquidated damages. *See e.g., Harris County Water Control and Improvement District No. 84 v. Hornberger*, 601 S.W.2d 66, 67 (Tex.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.) (writ of inquiry after no-answer default). If the defendant attends the hearing on damages, the defendant may object to the evidence. *See e.g., Hornberger*, 601 S.W.2d at 67, 68; *see also Bass v. Duffey*, 620 S.W.2d 847, 849–50 (Tex.App.—Houston [14th Dist.] 1981, no writ) (default after answer struck for discovery sanction). If defendant attends the hearing on damages, defendant is entitled to cross-examine witnesses. *See also Bass*, 620 S.W.2d at 849–50. If defendant attends the hearing on damages, defendant is entitled to introduce evidence. *Maywald Trailer*, 238 S.W.2d at 828; see also *Bass*, 620 S.W.2d at 850 (defendant may show plaintiff sustained no damages). Defendant's right to demand a jury, to attend the hearing, to cross-examine witnesses, to object to evidence, and to introduce evidence should not depend upon the fortuitous discovery of the hearing. Due process requires notice of the hearing.

I would overrule *Ramsey*, sustain point of error one, and reverse.

**2. No notice of the rendition of judgment.**

In point of error two, Long complains that the trial court erred in granting McDermott's motion for default judgment and entering judgment against Long because no notice of the signing of the order was ever sent to him as required by TEX. R.CIV.P. 239a. We have three rules that require the clerk to send a party notice of the judgment. *See* TEX.R.CIV.P. 239a, 306a(3); TEX.R.APP.P. 5(b)(3). All three rules state that, even though the clerk is required to send the notice, the clerk's failure to send it does not affect the *finality* of the judgment. The rules do not state that the clerk's failure to send notice or a party's failure to receive the notice does not affect the *validity* of the judgment.

In *Peralta*, the defendant argued throughout the appeal in the state courts and in the United States Supreme Court that he had neither notice of the suit by proper service nor notice of the judgment after its rendition. The Supreme Court said

> [U]nder our cases, a judgment entered without notice or service is constitutionally infirm.

*Peralta*, 108 S.Ct. at 898–99. I believe *Peralta* states failure of the clerk to give notice of the judgment or the failure of the party to receive notice makes the judgment constitutionally infirm. Another court of appeals has interpreted *Peralta* as requiring the court to give and the party to receive notice of the judgment. *See American Gen. Fire & Cas. v. Schattman*, 761 S.W.2d 582, 586 (Tex.App.—Fort Worth 1988) (orig. proceeding) (case was dismissed for want of prosecution).