**SOUTHLAND MOWER CO., INC., Appellant,**

v.

**Robert J. JORDAN, Appellee.**

**No. 18127.**

Court of Civil Appeals of Texas, Fort Worth.

Sept. 13, 1979.

Rehearing Denied Oct. 4, 1979.

Jearl D. Walker, Fort Worth, for appellant.

Donald L. Prager, Fort Worth, for appellee.

## OPINION

SPURLOCK, Justice.

This is an appeal of a default judgment by a writ of error. Southland Mower Company seeks reversal of the default judgment rendered against it in favor of Robert Jordan on his claim for damages resulting from personal injuries. Southland Mower bases its attack on the default judgment on the fact that no statement of facts is available because no record of the proceeding was made. It also alleges that there is no evidence or insufficient evidence to support the judgment.

We affirm in part and reverse and remand in part.

Robert Jordan was injured while operating a lawnmower manufactured by Southland Mower. Jordan sued Southland Mower, an Alabama corporation not authorized to conduct business in Texas. Southland Mower was served with process by serving the Secretary of State of the State of Texas in accordance with Tex.Rev.Civ.Stat.Ann. art. 2031b (1964). Southland Mower did not answer or appear at the default judgment hearing.

The parties agree that no court reporter was present during the hearing and that no record of the proceedings was made. The trial court rendered a default judgment against Southland Mower for damages. The trial court made extensive findings of fact and conclusions of law in its judgment.

In its writ of error Southland Mower complains that it is denied the right to challenge the sufficiency of the evidence because no statement of facts is available. Southland Mower correctly states the rule, applicable as of the time of the proceedings below, that an appealing party is entitled to a complete statement of facts in question and answer form. *Fisher v. First Security State Bank of Cranfills Gap, Texas*, 576 S.W.2d 886 (Tex.Civ.App.—Waco 1979, no writ). It claims that it is entitled to reversal of the judgment because the unavailability of the statement of facts is through no fault or lack of diligence of Southland Mower.

We agree that as a general rule if through no fault of his own and after the exercise of due diligence, an appealing party is unable to procure a statement of facts, his right to have the cause reviewed on appeal can be preserved only by retrial of the case. However, Jordan contends that the extensive findings of fact and conclusions of law made by the trial court in its judgment are a sufficient statement of facts. We do not agree.

In *Fisher, supra,* the transcript contained an instrument entitled "Statement of Evidence", which recited in narrative form the evidence purportedly heard by the trial court. This was held insufficient. Likewise we hold that findings of fact and conclusions of law made a part of the trial court's judgment are insufficient as a statement of facts. The appealing party is entitled to a statement of facts in question and answer form.

Jordan contends that in the event this court reverses this case we should reverse and remand only the portion of the judgment relating to damages. He claims the liability portion of the judgment should be affirmed. Southland Mower claims that the whole cause should be reversed and remanded. It advances the general rule that where, as here, the plaintiff's claim is

for unliquidated damages, the issues of liability and damages are indivisible.

Both parties direct our attention to Tex. R.Civ.P. 434 in support of their positions. Rule 434 states in pertinent part that if it appears to the court that the error affects only part of the matter in controversy and that part is clearly separable without unfairness to the parties, the judgment shall only be reversed and a new trial ordered as to that part affected by such error, provided that a separate trial on unliquidated damages alone shall not be ordered *if liability issues are contested.* (Emphasis ours.) Thus the question for consideration is whether liability issues in this case are contested.

 Jordan contends that the issues of liability were admitted in this case because Southland Mower defaulted. It is well settled that the effect of default is admission of liability upon a cause of action if such a cause is stated in the plaintiff's petition. Southland Mower, however, claims that it has contested the liability issues by attacking all pertinent findings of fact and conclusions of law in its writ of error by no evidence and insufficient evidence points of error. We do not agree.

The necessity for presentation of evidence in a default judgment case was discussed in *Gourmet, Inc. v. Hurley*, 552 S.W.2d 509 (Tex.Civ.App.—Dallas 1977, no writ). In *Hurley* complaint was made of the lack of evidence of jurisdictional facts. In addition to no evidence and insufficient evidence points of error concerning liability, Southland Mower also complains of lack of evidence of jurisdictional facts. We hold that the rule in *Hurley* concerning evidence of jurisdictional facts is well stated and applicable to liability issues. The rule stated is that even though pleadings are not ordinarily considered evidence, no evidence is necessary to support a default judgment because defendant's failure to answer is taken as admitting the allegations of the plaintiff's petition. Proof is required only with respect to damages that are unliquidated or not proved by an instrument in writing.

Since we have held that evidence of liability is not required to support a default judgment, an appellant cannot secure reversal of a default judgment by attempting to contest liability through an evidentiary point by writ of error. Thus we conclude that, under the facts of this case, the issues of liability are not contested. Therefore, we affirm that portion of the judgment relating to the liability of Southland Mower.

The parties agree that the damages in this case are unliquidated. Because the unavailability of a statement of facts in question and answer form is not due to the negligence or lack of diligence of Southland Mower, it is entitled to reversal of the portions of the judgment relating to damages.

We therefore affirm the portion of the trial court's judgment relating to liability, and reverse and remand for a new trial that portion of the judgment relating to damages.

So ordered.