Basil M. WALL, et ux., Appellant,

v.

Mary Kate WALL, Appellee.

No. 18628.

Court of Appeals of Texas, Fort Worth.

March 4, 1982.

Rehearing Denied April 8, 1982.

Callaway & Marshall and Clyde M. Marshall, Jr., Fort Worth, for appellants.

Hudson, Keltner, Smith, Cunningham & Payne, and H. S. Sparks III, Barbara Prats Neely, Fort Worth, for appellees.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

OPINION

HOLMAN, Justice.

In this proceeding, appellants seek a writ of error to set aside the default judgment rendered against them on two promissory notes.

The appellants are husband and wife. Only the husband signed the notes, but they both were sued on the theory that the notes were community debt.

We dismiss the petition and affirm the judgment.

■ Petition for writ of error is a direct attack on the judgment and prevents this court from indulging presumptions in support of the judgment. *McKanna v. Edgar*, 388 S.W.2d 927 (Tex.1965).

Both appellants were duly served, filed no answer and made no appearance.

The trial court rendered default judgment against both appellants for the face amount of each note, plus interest at the rate stipulated in the notes, and attorneys fees.

Appeal by writ of error to this court was filed within six months of final judgment as allowed by Tex.Rev.Civ.Stat.Ann. art. 2249 (1981) and art. 2255 (1919).

Writ of error does not limit us to a review of fundamental error, but affords appellants the same scope of review as an appeal. *Gunn v. Cavanaugh*, 391 S.W.2d 723 (Tex.1965).

In such proceedings, we are required to review all rulings of the trial court properly assigned as error. *Spears v. Brown*, 567 S.W.2d 544 (Tex.Civ.App.—Texarkana 1978, writ ref'd. n. r. e.); *Middlemas v. Wright*, 493 S.W.2d 282 (Tex.Civ.App.—El Paso 1973, no writ).

■ A petition for writ of error may not be granted, however, unless an error which vitiates the trial court's judgment is apparent on the face of the record. *Garcia v. Garcia*, 618 S.W.2d 117 (Tex.Civ.App.—Corpus Christi 1981, no writ); *Light v. Verrips*, 580 S.W.2d 157 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ).

Appellants' points of error contend that the appellee failed to plead an enforceable contract or good cause of action against either of them and failed to prove damages were caused by breach of any legal duty owed by the wife.

Appellants also complain that (a) the original petition did not plead a cause of action in which attorneys fees are recoverable; and (b) the $2,500.00 attorney fee awarded is excessive and, in part, improperly based upon services to be performed by the attorney in the future.

Appellee's original petition alleged that (a) the husband signed two promissory notes in principal sums totaling $25,000.00 payable to appellee with 8% per annum interest; (b) appellee owns the notes; (c) appellants refused to pay upon maturity and demand; (d) no part of the notes has been paid; (e) appellee should recover a reasonable attorney fee for the services of her attorney in the collection and enforcement of the notes.

A copy of each note was attached to the petition and incorporated by reference.

Paragraph V. of the original petition includes the following allegation:

"The obligations and liability of the Defendants upon the notes described in Exhibits 'A' and 'B' hereto are a community obligation of the Defendants and their community property and estate."

A plaintiff is not required to plead the evidence which will be relied upon to establish the cause of action asserted. *Edwards Feed Mill v. Johnson*, 158 Tex. 313, 311 S.W.2d 232 (1958); *Chokas v. Donald*, 439 S.W.2d 870 (Tex.Civ.App.—Ft. Worth 1969, no writ).

When the allegations as a whole give fair notice of a plaintiff's claim, his petition is not subject to objection on grounds that it contains allegations that are evidentiary or legal conclusions. Tex.R.Civ.P. 45.

■ To sustain a default, it is not even required that a petition be technically sufficient to state a cause of action. *Edwards Feed Mill, supra.*

■ We conclude that in the case before us, the plaintiff's original petition was sufficient to give fair notice of appellee's claim and did state a cause of action as to both appellants.

Neither the original petition nor the promissory notes make any reference to consideration.

Appellants argue that the appellee's failure to plead that there was consideration for the notes amounts to a failure to plead that the notes are enforceable contracts; and therefore she failed to plead a good cause of action.

Appellants reason that while the right to object to defects and omissions in an opponent's pleading is waived in the absence of written special exceptions before the judgment is signed, there is no such waiver if judgment is by default. Tex.R.Civ.P. 90.

■ In the case of a default judgment, however, even though the underlying petition may be objectionable under Rule 90, we may hold the judgment erroneous only if (1) the petition does not attempt to state a cause of action that is within the trial court's jurisdiction, or (2) the petition fails to give fair notice of the claim. asserted, or (3) the petition affirmatively discloses the invalidity of the claim. *Stoner v. Thompson*, 578 S.W.2d 679 (Tex.1979).

■ As a general rule in cases of default judgment, the defendant's failure to answer is an *admission* of the facts properly pled and the justice of the plaintiff's claim. *Stoner, supra; Roberts v. Roberts*, 621 S.W.2d 835 (Tex.Civ.App.—Waco 1981, no writ).

The law of this state presumes consideration for a promissory note. § 3.112(a)(1), Tex.Bus. & Comm.Code Ann. (1967).

■ We hold that consideration for the two notes was admitted when judgment was rendered, and appellants had not filed a verified plea of no consideration, as required by Tex.R.Civ.P. 93(j), or a plea of failure of consideration, as required by Rule 94.

Appellants argue that the petition's allegation that the notes are a community obligation and liability is a conclusion and does not give fair notice of the basis upon which the appellee seeks to hold the wife liable.

■ Debts contracted during marriage are presumed to be joint community debts, unless it is shown that the creditor agreed to look solely to the estate of the contracting spouse for satisfaction. *Cockerham v. Cockerham*, 527 S.W.2d 162 (Tex.1975).

■ When a plaintiff's petition in suit on a note signed only by a husband alleges that the note is a community debt of both the husband and his wife, the petition does allege a sustainable cause of action against the wife. *Inwood Nat. Bank of Dallas v. Hoppe*, 596 S.W.2d 183 (Tex.Civ.App.—Texarkana 1980, writ ref'd. n.r.e.).

■ We recognize that pleadings ordinarily are not evidence, but a defendant's failure to answer constitutes an admission of the petition's allegations of liability, so evidence of liability is not necessary. *Southland Mower Co., Inc. v. Jordan*, 587 S.W.2d 215 (Tex.Civ.App.—Fort Worth 1979, writ ref'd. n.r.e.).

■ Therefore a default judgment may not be reversed by writ of error based upon an evidentiary point which contests liability. *Southland Mower, supra.*

■ We hold that the appellants' failure to answer in the case at bar admitted the

allegations of community debt and liability. *Stoner, supra; Southland Mower, supra.*

Appellants also contend that there was no proof of damages on the two promissory notes, and the evidence therefore will not support the default judgment.

The statement of facts records only testimony by appellee's counsel as to the matter of attorney fees.

Except for the attorney's fee, appellee's claim in this case sought to recover liquidated amounts, plus interest, set forth in the terms of two written instruments.

It was not necessary for the court to hear evidence as to damages on that part of the claim which was liquidated and based upon written instruments. Tex.R.Civ.P. 241.

■ Appellants' default admitted the allegations of damages as to the liquidated portion of appellee's claim. *Winston Mortg. Co. v. Bevly*, 583 S.W.2d 838 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r. e.); *Wallace v. Snyder National Bank*, 527 S.W.2d 485 (Tex.Civ.App.—Eastland 1975, writ ref'd. n.r.e.).

■ Appellants argue that neither the appellee's pleading nor the evidence given by her attorney was sufficient to support the award of attorney fees made by the court.

Tex.Rev.Civ.Stat.Ann. art. 2226 (1979) authorizes the award of reasonable attorney fees in suits founded upon written contracts when the claim has been presented to the alleged obligor and remains unpaid 30 days later.

The trial court is vested with the sound discretion to allow attorney fees and, absent an abuse of that discretion, we may not reverse its judgment. *Reintsma v. Greater Austin Apt. Maintenance*, 549 S.W.2d 434 (Tex.Civ.App.—Austin 1977, writ dism'd.); *Magids v. Dorman*, 430 S.W.2d 910 (Tex.Civ. App.—Houston [14th Dist.] 1968, writ ref'd. n.r.e.).

The act of filing suit is not the presentment of claim required by the statute. *European Import Co., Inc. v. Lone Star Co., Inc.*, 596 S.W.2d 287 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ).

The language of the statute's 1979 amendment, however, requires that we liberally construe the statute to promote its underlying purposes. Art. 2226 (1979); *Jones v. Kelley*, 614 S.W.2d 95 (Tex.1981).

Appellee pled that (a) both notes matured in December, 1977; (b) *after* the notes *matured,* demand was made upon the appellants; (c) the demand received *no response*; (d) *thereafter* the notes were placed with appellee's attorney for collection; and (f) appellee *agreed to pay* a reasonable fee for that service.

Suit was not filed until December 8, 1980, some three years after the notes matured.

The default judgment was rendered and signed January 12, 1981.

Within the statutory admonition for a liberal construction of art. 2226, we find no abuse of discretion by the trial court's conclusion that the appellee's pleadings adequately alleged presentment of claim, the subsequent failure to pay within 30 days, and the appellee's agreement to pay her attorney for collection services.

We hold that such allegations met the requisites of the statute, and that the appellant's default admitted those factual allegations. *Stoner, supra; Southland Mower, supra.*

This left the trial court with a duty only to hear evidence as to the reasonableness of the attorney fee requested.

When, as here, the notes do not provide for attorney fees, a request for such fees is an unliquidated demand upon which the court must hear evidence. Tex.R.Civ.P. 243; *Smith v. Texas Discount Company*, 408 S.W.2d 804 (Tex.Civ.App.—Austin 1966, no writ.)

Art. 2226 (1979) provides that the trial court may, in its discretion, take judicial knowledge of the usual and customary fees in matters being considered, and of the contents of the case file, without receiving further evidence.

Appellee's attorney, however, did testify. Inter alia, he stated his experience and fa-

miliarity with fees usually charged by attorneys in Tarrant County, Texas, for services required in the collection of promissory notes by lawsuit; and that the fee sought is equal to 10% of the principal sum owing on the two notes.

In reviewing the reasonableness of the trial court's award of attorney fees, an appellate court is authorized to draw on the common knowledge of the justices of the court and their experience as lawyers and judges. *Tuthill v. Southwestern Public Service Co.*, 614 S.W.2d 205 (Tex.Civ.App.—Amarillo 1981, no writ).

We conclude that upon the testimony, the record and the amount in controversy, the trial court did not abuse its discretion in awarding a 10% attorney fee.

Appellant's points are overruled.

The petition for writ of error is dismissed, and the judgment is affirmed.