UNL INCORPORATED, Appellant,

v.

OAK HILLS PHOTO FINISHING, INC.
& Chase Leasing Co., Ltd., Appellees.

No. 04–86–00241–CV.

Court of Appeals of Texas,
San Antonio.

July 22, 1987.

Linda L. Walden, Lawrence J. Friedman, Gene F. Stevens, Dallas, for appellant.

Michael R. Garatoni, San Antonio, for appellees.

Before BUTTS, DIAL and CHAPA, JJ.

DIAL, Justice.

This is an appeal from the denial of a motion for new trial following a default judgment rendered against appellant, UNL Incorporated (hereinafter referred to as "UNL"). The judgment awarded treble damages and attorney's fees to appellees, Oak Hills Photo Finishing, Inc. and Chase Leasing Co., Ltd., under the Texas Deceptive Trade Practices Act (DTPA). TEX. BUS. & COM.CODE ANN. § 17.41, *et seq.* (Vernon Supp.1987).

Appellees, plaintiffs below, originally brought suit against three nonresident defendants: UNL, Zyco Manufacturing, Inc. (both foreign corporations), and Jim Elliot. Both Elliot and Zyco filed answers to plaintiffs' petition and were subsequently nonsuited. UNL neither appeared nor answered, and default judgment was rendered against it in due course.

By point of error, appellant questions the jurisdiction of the trial court to render judgment binding on it on the ground that the jurisdiction of the trial court does not appear on the face of the record. Appellant urges that because the trial judge was not present during the default hearing, sufficient proof of service was not properly admitted into evidence, and thus jurisdiction was not established.

■ Appellees served UNL, a foreign corporation, by serving the Secretary of State in accordance with the Texas Long Arm Statute. TEX.CIV.PRAC. & REM. CODE § 17.044 (Vernon 1986).[1] When a nonresident natural person engages in business in the State of Texas but does not maintain a place of regular business in the state or designate an agent therein upon whom service may be had, the act of engaging in business is deemed equivalent to an appointment by the person of the Texas Secretary of State as such person's agent upon whom service of process may be made in any action, suit or proceeding arising out of such business done in the state. Thus for the purpose of service of citation the Secretary of State is substituted for the party defendant.

■ Because appeal from denial of motion for new trial is a direct attack upon a default judgment, no presumption of due service of citation arises from recital of such in the judgment. *McKanna v. Edgar,* 388 S.W.2d 927, 929 (Tex.1965). Jurisdiction must affirmatively appear on the face of the record. *Id.* at 930. The burden is upon the plaintiff to demonstrate strict compliance with the requirements of the Long Arm statute. *Cars and Concepts, Inc. v. Funston,* 601 S.W.2d 801, 802 (Tex. Civ.App.—Fort Worth 1980, writ ref'd n.r. e.); *Alpha Guard, Inc. v. Callahan Chemical Co.,* 568 S.W.2d 448, 449 (Tex.Civ.App. —Austin 1978, no writ). Plaintiff must: (1) plead facts which, if true, would require the defendant to answer; and (2) prove that the defendant was, in fact, served in the required manner. *Whitney v. L & L Realty Corp.,* 500 S.W.2d 94 (Tex.1973). The allegations in the petition before us are sufficient to require the defendants to answer if they have in fact been served in accordance with the statutory requirements. However, both service on the Secretary of State and forwarding of a copy of the process by the Secretary of State to the nonresident defendant must be shown by proof appearing in the record. *Id.* Our Supreme Court has held that a showing in the record that the Secretary of State forwarded a copy of the process is essential to establish the jurisdiction of the court over the defendant's person. *Id.* at 96.

In the case at bar, the supplemental transcript includes a copy of the citation directed to UNL, commanding it to appear by filing a written answer. The Sheriff's return on the same document indicates that a copy of the citation and the petition was delivered to the Secretary of State as agent for service on January 6, 1986. An attached page indicates that the document was filed with the District Court Clerk of Bexar County on January 14, 1986. At the default hearing, appellees' attorney recited that he had received from the Secretary of State a sworn statement which recited that the petition was served upon them on 1–6–86, that the Secretary in turn forwarded by certified mail, return receipt requested, to UNL on 1–8–86, a true and correct copy of the petition in this case, and that the green card return of service was returned to the Secretary on 1–21–86. The attorney then offered the sworn statement (marked Plaintiff's Exhibit No. "1") into evidence. The record is silent as to admission of the exhibit; however, the sworn statement is attached to the statement of facts which is part of the record before us. The exhibit is also marked by the court reporter with her initials, the date "2–3–86," and "PX–1."

Appellant urges that because the trial judge was not present during the default hearing, this exhibit was not properly admitted into evidence; that therefore there is no showing in the record that the process was forwarded by the Secretary of State; and that no jurisdiction was acquired over the defendant.

The transcript contains an affidavit by the court reporter which states that the testimony taken at the default hearing was not taken in the presence of the trial judge, and that appellees' attorney took Plaintiff's Exhibit No. "1" with him at the conclusion of the hearing and did not leave it in the

---

**1.** Formerly TEX.REV.CIV.STAT.ANN. art. 2031b § 3, *repealed* by Acts 1985, 69th Leg., ch. 959, § 9(1), eff. Sept. 1, 1985.

possession of the court. This is contradicted by recitals made by the court reporter on pages 1 and 12 of the statement of facts that "On the 3rd day of February, 1986, the above entitled and numbered cause came on for hearing before said Honorable Court, ROSE SPECTOR, Judge presiding, and the following proceedings and testimony herein were had ..." and that the court reporter "certif[ies] that the above and foregoing contains a true and correct transcription of all the proceedings ... all of which occurred in open court or in chambers ... [and] that this transcription of the record of the proceedings truly and correctly reflects the exhibits, if any, offered by the respective parties."

We think that the fact that the court reporter marked the sworn statement of service with the date of the default hearing, exhibit number, and her initials is sufficient to show that the statement was before the trial court and that the trial court obtained jurisdiction over appellant. The allegation that the trial judge was not present while appellees proved up the allegations in the original petition does not support the conclusion that the statement of service was not presented to the trial court either prior to the recorded default hearing or later, when judgment was signed. The point of error is overruled.

Appellant also complains that the trial court abused its discretion in denying the motion for new trial because appellant complied with the requirements set forth in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939). In *Craddock*, the Texas Supreme Court set forth the guiding rule which trial courts are to follow in determining whether to grant a motion for new trial:

A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

*Id.*, 133 S.W.2d at 126. *See also Ivy v. Carrell*, 407 S.W.2d 212, 213 (Tex.1966). Within these parameters, the trial court is vested with some measure of discretion in ruling on a motion for new trial, and its ruling will not be disturbed on appeal absent a showing of abuse of discretion. *Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex.1984).

Concerning the requirement that the defaulting defendant must set up a "meritorious defense," the motion for new trial must allege facts which in law would constitute a defense to the cause of action asserted by the plaintiff. In order to prevent the reopening of cases to try out fictitious or unmeritorious defenses, the motion must be supported by affidavit or other evidence proving *prima facie* that the defendant has such meritorious defense. *Ivy v. Carrell*, 407 S.W.2d at 214. Once these requirements are met, it is improper to try the defensive issues made by the motion or the pleadings.

In their original petition, appellees alleged three causes of action: breach of the implied warranties of merchantability and fitness for a particular purpose; unconscionability under section 17.50(a)(3) of the DTPA; and specific misrepresentation under section 17.50(a)(1) of the DTPA. The defenses alleged by appellant in its motion for new trial are disclaimer of express and implied warranties and failure to comply with the pre-suit written notice requirement imposed by section 17.50A of the DTPA.

As to the latter defense, we note that the record contains a copy of a letter dated October 29, 1985, directed to the 3 original defendants in the suit, advising them of plaintiffs' specific complaints and the amount of actual damages and expenses, including attorneys' fees, incurred in asserting the claim. This letter, like the certificate of service, is attached to the statement of facts and marked with the court reporter's initials, the date "2–3–86," and the notation "PX–2." Also, appellees properly pled that written notice of the claims was given in the manner and form

required by section 17.50A. It is established that a default judgment operates an an admission of the material facts alleged in plaintiffs petition, except as to unliquidated damages. *Village Square, Ltd. v. Barton,* 660 S.W.2d 556, 559 (Tex.App.— San Antonio 1983, writ ref'd n.r.e.). Thus, written notice is admitted and appellant's defense of failure to give notice is without merit.

We turn now to appellant's defense of disclaimer of warranties. Appellant alleges in its motion for new trial that it supplied appellee with a price quote for a Mask III Lens Module on or about April 23, 1985, and, at the same time, appellees received a copy of the Standard Terms and Conditions of Sale containing a disclaimer of warranties. Appellees thereafter entered a firm order for the Lens Module. Appellant claims that the Standard Terms and Conditions of Sale were also used in connection with the purchase of the UNL SBC Graphic Printer and that appellees consummated the purchase and lease of the printer with knowledge of the disclaimer provisions contained therein. Although these allegations might be sufficient to raise a meritorious defense to the breach of warranty causes of action, they fail to raise a meritorious defense to either the misrepresentation or the unconscionability cause of action. Therefore, the default judgment is sustainable on either of the latter two theories. Consequently, we need not pass on the sufficiency of the facts alleged to present a meritorious defense to the warranty causes of action.

Appellant asserts that the misrepresentation and unconscionability causes of action were not properly alleged in plaintiff's original petition; that the record is totally lacking in information as to which, if any, of the defendants named in the lawsuit made any misrepresentations; that the record is silent as to what representations were actually made; and that it fails to show that any misrepresentation is a proximate cause or producing cause of damages. We disagree.

■ In determining the sufficiency of a pleading to support a default judgment, the pleadings are to be taken as proven or confessed; and, if the pleadings do not inform the court what judgment to render, that is, if they do not, with sufficient certainty, set forth the cause of action as to the name of parties, dates, amounts, etc., to enable the court to render judgment "without information aliunde," they are not sufficient, and the judgment cannot be sustained. *C & H Transportation Co., Inc. v. Wright,* 396 S.W.2d 443 (Tex.Civ.App.—Tyler 1965, writ ref'd n.r.e.). It is not necessary that the petition plead the evidence upon which the plaintiff relies to establish his asserted cause of action; neither is it required that a petition be technically sufficient to state a cause of action in order to sustain a default judgment if it does not show affirmatively that the plaintiff has no cause of action. *Edwards Feed Mill, Inc. v. Johnson,* 158 Tex. 313, 311 S.W.2d 232 (1958). The present Rules of the Texas Civil Procedure expressly countenance more general allegations than formerly were permitted, and a default judgment will stand if the plaintiff has alleged a claim upon which the substantive law will give relief and has done so with sufficient particularity to give fair notice to the defendant of the basis of his complaint. This is true even though some element or elements have been stated in the form of legal conclusions which will need to be revised if attacked by special exceptions. *Sheshunoff and Co., Inc. v. Scholl,* 560 S.W.2d 113, 116 (Tex.Civ.App.—Houston [1st Dist.] 1977, *reversed on other grounds,* 564 S.W.2d 697 (Tex.1978), *citing,* 4 McDONALD, TEXAS CIVIL PRACTICE, 120, § 17.23.3 (1971).

■ Appellees alleged in their petition that Chase purchased and leased to Oak Hills a Zyco Digital Color Video Analyzer, a Sargent-Welch Video Analyzer Data Enhancing Computer and a UNL SBC Standard Graphic Printer, and that this equipment was purchased and leased largely as a result of and in reliance upon the representations of and the literature of Zyco and UNL. Appellees specified that whenever in their original petition it is alleged that a defendant or defendants did any act or

thing, it is meant that defendants' officers, agents, servants, employees or representatives did such act or thing and that at the time such act or thing was done, it was done with the full authorization or ratification of defendants or was done in a normal and routine course and scope of employment of defendants' officers, agents, servants, employees or representatives. Appellees listed the following as "among the numerous representations and express warranties made which (were) in truth and in fact false, misleading and deceptive ...

With regard to the UNL SBC Standard Graphic Printer:

   a. That it produces high quality portrait packages;

   b. That it prints photographs efficiently;

   c. That it will enable its user to provide high quality and fast delivery of photographs;

   d. That it allows high speed paper advance with extreme accuracy;

   e. That it is dependable and requires minimal maintenance;

   f. That it provides perfect negatives, lens and paper alignment."

Appellees alleged that in truth and in fact, the UNL Printer prints photographs containing shadows, will not remain in focus, requires frequent reprinting, prints out of focus; wastes large amounts of photographic paper, prints double exposure photographs, prints only half exposed photographs, produces overlapping prints, and when operational generally operates in an ineffective, time-consuming and wasteful manner.

Appellees alleged that the acts and practices described above are and were a producing cause of damages to plaintiffs and were committed knowingly. Further, they alleged that "Defendants have engaged in an unconscionable action or course of action ... in that they have taken advantage of Plaintiffs' lack of knowledge, ability, experience or capacity to a grossly unfair degree and because this transaction has resulted in a gross disparity between the value received and the consideration paid...." We find that the pleadings are sufficient to give fair notice of the plaintiff's claim and to state a cause of action for misrepresentation and unconscionability.

■ Appellant next complains that there was no evidence or insufficient evidence to support the underlying judgment on the issues of damages, attorney's fees, unconscionable conduct, and knowing conduct. As a general rule in cases of default judgment, the defendant's failure to answer is an admission of facts properly pled and the justice of the plaintiff's claim. *Stoner v. Thompson*, 578 S.W.2d 679 (Tex.1979). Although pleadings ordinarily are not evidence, a defendant's failure to answer constitutes an admission of the petition's allegations of liability, so evidence of liability is not necessary. *Southland Mower Co., Inc. v. Jordan*, 587 S.W.2d 215, 217 (Tex. Civ.App.—Fort Worth 1979, writ ref'd n.r. e.). Proof is required only with respect to damages that are unliquidated or not proved by an instrument in writing. *Id.*

■ The pleadings sufficiently alleged knowing and unconscionable conduct, therefore liability as to these allegations is admitted. However, proof as to damages was necessary.

■ At the default hearing, appellees presented evidence of the following damages: $54,200.00 representing the purchase price of the equipment; $2,943.16 representing out-of-pocket expenses for wasted photographic paper and chemicals; and $50,000.00 for loss of business and damage to the good will of appellee's business. Frank Osborne, owner of Oak Hills Photo Finishing, testified to these amounts.

TEX.R.CIV.P. 243 requires that

   If the cause of action is unliquidated or be not proved by an instrument in writing, the court shall hear evidence as to damages and shall render judgment therefor, unless the defendant shall demand and be entitled to a trial by jury in which case the judgment by default shall be noted, a writ of inquiry awarded, and the cause entered on the jury docket.

This rule makes it mandatory upon a court entering default judgment to hear evidence of unliquidated damages. Likewise, the court must hear evidence pertaining to reasonableness of attorney's fees; in the absence of a contract therefor, this is an unliquidated demand and a question of fact. *Compugraphic Corp. v. Morgan,* 656 S.W.2d 530 (Tex.App.—Dallas 1983), *rev'd on other grounds,* 675 S.W.2d 729 (Tex.1984); *Smith v. Texas Discount Co.,* 408 S.W.2d 804 (Tex.Civ.App.—Austin 1966, no writ).

We think that the trial court failed to comply with its duty under Rule 243 to hear evidence as to damages at the default hearing. The court's presence and consideration of evidence on unliquidated damages is a clearly established legal right. *Rainwater v. Haddox,* 544 S.W.2d 729, 733 (Tex.Civ.App.—Amarillo 1976, no writ).

Unlike accepting proof of service into evidence, determination of the amount of unliquidated damages to be awarded requires weighing evidence presented, assessing the credibility of the witnesses, and assessing the validity of plaintiff's allegations regarding the amount necessary to fully compensate him. This necessarily requires that testimony be heard by the judge at the time of the hearing. The record before us indicates that no written instrument proving the amount of damages was before the court at the time of the default hearing. Exhibits to the motion for new trial were subsequently filed which contained evidence of the purchase price of the printer.

We hold that the trial judge erred in failing to be present to hear evidence on unliquidated damages and attorney's fees at the default hearing. Accordingly, that part of the judgment awarding damages and attorney's fees is reversed and remanded to the trial court for an evidentiary hearing on same and entry of judgment in accordance therewith.