John MINER, Plaintiff–Appellant,

v.

David PUNCH, et al.,
Defendants–Appellees.

John MINER, Plaintiff–Appellee,

v.

David PUNCH, et al., Defendants,

George Fabe, Superintendent of Insurance for the State of Ohio, as Liquidator of Defendant, Proprietor's Insurance Co., Appellant.

Nos. 86–3545, 87–3251.

United States Court of Appeals,
Fifth Circuit.

March 9, 1988.

---

18. *See DelCostello,* 462 U.S. at 169, 91 S.Ct. at 2293; *Brock,* 776 F.2d at 525–56.

19. Vernon's Tex.Civ.Stat.Ann. art. 5529.

Cecil M. Burglass, Jr., Stephen F. Cameron, Michael D. Meyer, New Orleans, La., for plaintiff-appellant in No. 86–3545.

David Punch, pro se.

Roger J. Larue, Jr., Matairie, La., for Proprietors Ins. Co. in No. 86–3545.

W. Keith Hurtt, Jr., Roger J. Larue, Jr., Matairie, La., for appellant in No. 87–3251.

Cecil M. Burglass, Jr., Stephen F. Cameron, Michael D. Meyer, New Orleans, La., for plaintiff-appellee in No. 3251.

Before THORNBERRY, GEE, and POLITZ, Circuit Judges.

POLITZ, Circuit Judge:

These consolidated appeals involve an attempt by John Miner to enforce a default judgment, and a motion by the Superintendent of Insurance of the State of Ohio to vacate that judgment. The district court denied both motions. We affirm the decision denying enforcement; we reverse the decision declining to vacate the default judgment.

### Background

The parties controvert neither the relevant and material facts nor the sequence of events critical to today's resolution. On December 1, 1978, while working on a shrimp boat owned by David Punch, Miner was injured. On April 10, 1980 Miner sued Punch, invoking the Jones Act and general maritime law. Punch was insured by Proprietors Insurance Company which provided counsel for defense of the suit.

On August 5, 1981 the Court of Common Pleas for Franklin County, Ohio ordered Proprietors into liquidation. An order dated September 18, 1981 enjoined all judicial proceedings against Proprietors. On September 23, 1981 Miner moved to amend his complaint to add Proprietors as a defendant. On October 1, 1981 counsel for Punch sought permission of the court to withdraw as his counsel of record, informing the court of the liquidation order of August 5, 1981, actually attaching a copy of that order to the motion. On October 5, 1981 the court granted counsel's motion to withdraw. Ten days later the court granted Miner's motion to amend the complaint to add Proprietors as a defendant. The amended complaint was filed on April 19, 1982.

Louisiana law permits direct actions against insurers, La.R.S. 22:655, and provides for service of process upon foreign insurers by service upon the Secretary of State of the State of Louisiana, La.R.S. 22:985. Miner sought service of process under these provisions, and on May 10, 1982, the amended complaint was served

upon the Secretary of State who forwarded the pleadings to Proprietors.

Nothing further happened in the case until the court learned that Punch was in federal custody. When Punch was brought before the court for a status conference, he waived his presence at trial and offered no defense. On January 18, 1984 the district court tried the case on depositions. Neither Punch nor Proprietors was represented; neither was present. The court issued a memorandum opinion on December 18, 1984, awarding Miner $159,436, with interest and costs.

On April 30, 1985 on motion of Miner's counsel the court gave Miner a default judgment against Proprietors "pursuant to the Memorandum Opinion rendered ... on December 18, 1984."

Miner attempted to enforce his judgment by seeking the production of certain records and insurance policies by the Ohio Superintendent of Insurance. The superintendent appeared and opposed the motion. The motion to produce was denied and Miner appealed.

The Ohio Superintendent of Insurance moved to vacate the default judgment against Proprietors, contending that Miner had not validly served process and that his judgment was a nullity. The court denied that motion and the superintendent appealed. The two appeals were consolidated.

### Analysis

#### 1. Motion to compel discovery

■ Miner moved to compel production pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure. The court looked to Ohio law, identical in this respect to Louisiana law as well as the laws of the 28 other states, Puerto Rico, and the Virgin Islands, that have adopted the Uniform Insurers Liquidation Law,[1] and properly denied production. All of the assets of Proprietors, by operation of state law, have vested in the Superintendent of Insurance of Ohio since August 5, 1981, the date of the liquidation order.

The provisions of Fed.R.Civ.P. 34 requiring production apply only to the parties to the pending litigation. The Superintendent is not a party to Miner's suit. Rule 34 has no application to the Superintendent except to the extent Rule 34(c) recognizes the possibility of an independent action for production of documents against a person who is not a party. *See Santa Fe Intn'l Corp. v. Potashnick*, 83 F.R.D. 299 (E.D.La.1979); 4A Moore's Federal Practice §§ 34.02, 34.-22 (1987).

Further, Louisiana law specifically proscribes the relief sought by Miner. La.R.S. 22:762 provides:

During the pendency of delinquency [liquidation] proceedings in this or any reciprocal state no action or proceeding in the nature of an attachment, garnishment, or execution shall be commenced or maintained in the courts of this state against the delinquent insurer or its assets.

A "reciprocal state" is defined in the Uniform Insurers Liquidation Law as a state which has adopted the substance and effect of that law. La.R.S. 22:757(7).

#### 2. Motion to vacate default judgment

We reach a different conclusion than the district court on the Superintendent's motion to vacate the default judgment against Proprietors. In declining to do so, the district court relied exclusively on La.R.S. 22:985 as establishing the prevailing rule for service of process. The trial court overlooked the dispositive provisions of the Uniform Insurers Liquidation Law as found in La.R.S. 22:757–763, and the provisions of article 741 of the Louisiana Code of Civil Procedure.

Under Rule 4 of the Federal Rules of Civil Procedure, service of process may be accomplished in any manner permitted by the law of the forum state. Fed.R.Civ.P. 17, relating to the capacity of parties to litigation, prescribes that the legal capacity of a corporation to sue and be sued is

---

1. La.Rev.Stat.Ann. § 22:757 (West Supp.1988) ("For text of Uniform Act, and variation notes and annotations materials for adopting jurisdic- tions, see Uniform Laws Annotated, Master Edition, Volume 13.").

determined primarily by the law of the state under which the corporation was organized, and secondarily by the law of the forum state.

Under the Uniform Insurers Liquidation legislation, when an insurer, as defined therein, is placed in liquidation, the receiver "shall be vested by operation of law with the title to all of the property, contracts, and rights of action of the company as of the date of the court order directing ... liquidation." Ohio Rev.Code § 3903.07 (1953); La.R.S. 22:758. The laws of Ohio and Louisiana are identical in this respect.

The Uniform Insurers Liquidation Law addresses the capacity of insolvent insurers, a critical component of the uniform format. Once a receiver (defined as a receiver, liquidator, rehabilitator, or conservator, La.R.S. 22:757(12)), is appointed, all claims against the delinquent insurer must be presented to the domiciliary receiver. In the present case that is the Ohio Superintendent of Insurance. The Uniform Insurers Liquidation Law, as adopted in Louisiana, permits of one alternative: the presentation of a claim by residents of reciprocal states to an ancillary receiver appointed in the reciprocal state. A court may appoint an ancillary receiver in Louisiana, for the liquidation of an insurer in a reciprocal state, pursuant to the petition of the Louisiana Commissioner of Insurance based upon the commissioner's finding of sufficient assets in Louisiana to justify the appointment, or because of the request of ten or more Louisiana residents having claims against the delinquent insurer. La.R.S. 22:758. That provision is consistent with article 741 of the Louisiana Code of Civil Procedure which declares that an ancillary receiver is a proper defendant for a foreign insurer in liquidation.

■ No ancillary receiver has been appointed for Proprietors in Louisiana. Since August 5, 1981, the only person with authority over any of the assets of Proprietors, or subject to any claim as a consequence of any liability or debt of Proprietors, is the Ohio Superintendent of Insurance, and such ancillary receivers as are permitted by the Uniform Insurers Liquidation Law.

■ Since August 5, 1981, when an Ohio court ordered Proprietors into liquidation, the only valid means of serving process upon Proprietors was by service on the domiciliary receiver, Ohio's Superintendent of Insurance, or a duly appointed ancillary receiver. We must read the provisions of La.R.S. 22:985, which the district court considered controlling, in conjunction with Louisiana's version of the Uniform Insurers Liquidation Law and La.Code Civ.P. art. 741. In the instance of a failed insurer, one subject to a delinquency proceeding as defined in the statute, La.R.S. 22:985, must yield to the uniform law. The very uniformity sought by the multi-state legislation would be jeopardized if suits against failed insurers could proceed with a total disregard for the liquidation proceeding in the domiciliary state. The Louisiana Legislature has pronounced its determination to secure that uniformity. It has directed that the "Uniform Insurers Liquidation Law shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states that enact it." La.R.S. 22:763.

■ We conclude that when Proprietors was ordered into liquidation, the provisions of La.R.S. 22:985 could no longer be applied to it, and the attempted service of process through the Secretary of State of Louisiana was null and void. There being no valid service of process, the default judgment against Proprietors is an absolute nullity and must be vacated. *Aetna Business Credit v. Universal Decor*, 635 F.2d 434 (5th Cir.1981) ("In the absence of valid service of process, proceedings against a party are void.").

AFFIRMED in part; REVERSED in part.